UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-62268-BLOOM/Valle**

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant.
_____/

## ORDER OF DISMISSAL WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court upon a review of Plaintiff's Complaint, ECF No. [1], filed on December 5, 2022.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518,

at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)); *see also See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) (subject matter jurisdiction exists only where there is complete diversity; all plaintiffs must be diverse from all defendants), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

In the Complaint, Plaintiff alleges that the Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a). With respect to the citizenships of the parties, the Complaint alleges that Plaintiff is a Florida limited liability company ("LLC"), and that Defendant is a Georgia LLC. ECF No. [1] ¶¶ 1-2. The Complaint further alleges in conclusory fashion that "Defendant is not a citizen of Florida and there is "complete diversity between the parties[.]" *Id*. ¶ 3. However, the Complaint contains no allegations with respect to the members of Plaintiff or Defendant, or their citizenships.

As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Here, the Complaint fails

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

to set forth the citizenships of the members of either Plaintiff or Defendant, and therefore, the jurisdictional allegations are entirely insufficient.

If the party invoking the court's jurisdiction fails to adequately do so, as Plaintiff has here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint fails to properly allege the parties' complete diversity of citizenship, meaning that the Court lacks sufficient information to satisfy the jurisdictional inquiry. As a result, the allegations in the Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. § 1332(a).

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint that properly sets forth the basis for jurisdiction, **no later than December 12, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record