UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, JESSE IWUJI MOTORSPORTS, LLC, by and through undersigned counsel, files this First Amended Complaint against Defendant EQUITY PRIME MORTGAGE, LLC and states as follows:

## PARTIES

1. Plaintiff, JESSE IWUJI MOTORSPORTS, LLC ("JIM"), is an active Florida limited liability company, which owns and operates an American stock car racing team that competes in the NASCAR Xfinity Series.

2. Defendant, EQUITY PRIME MORTGAGE, LLC ("EPM"), is an active Georgia limited liability company, which provides mortgage loan solutions to consumer clients and serves as a sponsor of JIM's American stock car racing team.

## JURISDICTION AND VENUE

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), because there is diversity of citizenship among the parties and the amount in controversy

exceeds the sum of $75,000, exclusive of costs and attorneys' fees. Plaintiffs' members, Emmitt James Smith II is a citizen of the State of Texas, Michael P. Antonucci is a citizen of the State of Florida, and Mariana Holdings LLC is a citizen of Wyoming. The Defendant's only known member, Eduardo G. Perez, Jr., is a citizen of the State of Georgia. Thus, there is thus complete diversity between the parties under 28 U.S.C. § 1332.

4. Pursuant to Fla. Stat. § 48.193, this Court has personal jurisdiction over EPM, because at all relevant times EPM conducted, engaged in, and carried on business in Florida, which includes but is not limited to sponsoring JIM's American stock car racing team when it competed at races held in Daytona and Homestead, Florida.

5. The November 30, 2021 "Sponsorship Agreement" between JIM and EPM (attached hereto as **Exhibit "A"** and referred to herein as the "EPM Agreement") is a material element of the dispute. Said document indicates that it "shall be governed by the laws of the State of Florida, without regard to the conflicts/choice of law provisions of any jurisdiction." Further, venue is proper in this judicial district given that the Sponsorship Agreement states that, "Each Party agrees that any dispute that arises out of or relates to this Agreement shall brought in the state or federal courts located in Broward County, Florida, hereby expressly submits to the exclusive personal jurisdiction and venues of such courts, and hereby expressly waives any claim of objection or defenses thereto."

6. All conditions precedent to the filing of this action, including but not limited to Plaintiff providing Defendant a thirty (30) day opportunity to cure its material breach of the EPM Agreement, have been satisfied, have been performed or have been waived.

## **GENERAL ALLEGATIONS**

7. On November 30, 2021, JIM and EPM entered into the EPM Agreement wherein EPM guaranteed JIM compensation in accordance with the payment terms set forth in an attached Statement of Work ("SOW").

8. In Year One of the Term (defined as beginning on November 30, 2021 and continuing for a period of two years thereafter), EPM was required to pay JIM $2,250,000.00 on a monthly basis starting December 1, 2021 at the monthly payment amount of $187,500.00 paid on the first day of each month.

9. In Year Two of the Term, EPM was and is required to pay JIM $3,750,000.00 on a monthly basis starting December 1, 2022 at the monthly payment amount of $312,500.00 paid on the first day of each month.

10. EPM made the required monthly payment of $187,500.00 to JIM beginning on December 1, 2021 through September 1, 2022.

11. On or about September 27, 2022, less than a week prior to EPM's obligation to make its monthly payment to JIM (with the next payment due October 1, 2022) an executive at EPM told an executive at JIM that EPM got "margin called" and was suffering due to mortgage rate hikes, and thus EPM could not make any additional compensation payments to JIM under the EPM Agreement.

12. On or about September 29, 2022, an executive at EPM texted an executive at JIM to confirm that EPM would not be making the October 1, 2022 payment to JIM under the EPM Agreement or any payments to JIM thereafter.

13. After failing to make the $187,500.00 monthly payment to JIM on October 1, 2022 and November 1, 2022, JIM sent to EPM a Notice of Intent to Terminate Sponsorship Agreement

Between EPM and JIM (attached hereto as **Exhibit "B"** and referred herein as the "JIM Notice to Terminate").

14. The JIM Notice to Terminate provided EPM with notice, in compliance with the EPM Agreement, that it was JIM's intention to cause a termination of the EPM Agreement based on EPM's material breach of the EPM Agreement for failure to make the required payments of $187,500.00 each on October 1, 2022 and November 1, 2022, and offered EPM with thirty (30) days to remedy the issues.

15. EPM confirmed its receipt of the JIM Notice to Terminate but took no actions to cure or otherwise remedy the stated material breaches.

16. Instead, during the cure period and after EPM was in default of its compensation obligations under the EPM Agreement, EPM continued to fully exploit and receive the benefits it sought under the EPM Agreement, which included EPM making promotional posts on social media that featured EPM's logo on the hood of an official JIM stock car, EPM having its logo prominently featured on a JIM stock car for the October 2, 2022 NASCAR race at Talladega Superspeedway in Alabama, and EPM requesting its guests be placed on a guestlist and receiving special access for the race at Talladega Superspeedway.

17. As of the filing of this Complaint, EPM has now also failed to make payment of the required additional payment to JIM in the amount of $312,500.00 and JIM expects that EPM will fail to pay to JIM the remainder of the $3,750,000.00 due to JIM for Year Two of the Term under the EPM Agreement.

18. While JIM has elected to terminate the EPM Agreement, EPM acknowledged, based on the plain language in Section 7(c) of the EPM Agreement, "that it shall remain responsible for paying JIM the entirety of the compensation set forth in the SOW."

19. In addition to the compensation owed by EPM to JIM, EPM must also reimburse JIM for its reasonably incurred attorney's fees and costs, as stated in Section 12(a) of the EPM Agreement.

20. EPM's failure to make payments to JIM under the EPM Agreement, particularly without any reasonable advance notice, has greatly impacted JIM's operational cash flow and served as a total blindside to JIM's ownership group and race partners. The damages sustained by JIM far exceed the remainder of the monies owed by EPM to JIM under the EPM Agreement.

## COUNT I – BREACH OF CONTRACT (EPM AGREEMENT)

21. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

22. JIM and EPM entered into a contract that contained compensation by EPM to JIM as a material element. EPM has materially breached the EPM Agreement by failing to make compensation payments to JIM beginning as of October 1, 2022.

23. JIM performed all of its duties and obligations to the Defendant under the EPM Agreement.

24. JIM offered EPM an opportunity to cure its material breach of the EPM Agreement and EPM failed to cure or remedy the material breach, which continues through the date of the filing of this First Amended Complaint.

25. JIM has suffered damages and continues to suffer increasing damages as a result of the material breach.

**WHEREFORE**, JIM is entitled to recover damages in an amount no less than $4,125,000.00, which accounts for the two (2) months of compensation unpaid under Year One of the Term ($375,000.00), plus the entire twelve (12) months of compensation due under Year Two of the Term ($3,750,000.00), as well as a reimbursement from EPM of its reasonably incurred attorney's

fees and costs, post-judgment interest at the maximum statutory rate, and any other relief that the Court deems reasonable and just.

DATED this 6th day of December 2022.

                                      **HEITNER LEGAL, P.L.L.C**
*Attorney for Plaintiff*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By:

DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com