UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-62268-BLOOM/Valle

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant.
_____/

## SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court upon a review of Plaintiff's Amended Complaint, ECF No. [5], filed on December 6, 2022. The Court previously dismissed Plaintiff's Complaint, ECF No. [1], for lack of subject matter jurisdiction because Plaintiff failed to adequately allege the citizenships of its members and Defendant's members. *See* ECF No. [4]. Upon review, the Amended Complaint fares no better.

In the Amended Complaint, Plaintiff again alleges that the Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a). With respect to the citizenships of the parties, the Complaint alleges that Plaintiff is a Florida limited liability company ("LLC"), and that Defendant is a Georgia LLC, whose only known member is an individual citizen of Georgia. ECF No. [5] ¶¶ 1-3. The Amended Complaint further alleges that Plaintiff's members are two individuals, who are citizens of Texas and Florida, and Mariana Holdings LLC, which is alleged to be a citizen of Wyoming. *Id.* ¶ 3. The Amended Complaint, however, contains no allegations with respect to the members of Mariana Holdings LLC, or their citizenships.

As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). As in this case, "it is common for an LLC to be a member of another LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). "Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Id*. Here, the Amended Complaint fails to set forth the citizenships of the members of Mariana Holdings LLC, and therefore, the jurisdictional allegations with respect to Plaintiff are insufficient.

If the party invoking the court's jurisdiction fails to adequately do so, as Plaintiff has here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Amended Complaint fails again to properly allege the parties' complete diversity of citizenship, meaning that the Court still lacks sufficient information to satisfy the jurisdictional inquiry, and the allegations in the Amended Complaint are insufficient to confer subject matter jurisdiction in this case under 28 U.S.C. § 1332(a).

Accordingly, it is **ORDERED AND ADJUDGED** that the Amended Complaint, **ECF No. [5]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Second Amended Complaint that properly sets forth the basis for jurisdiction, **no later than December 12, 2022**.

Case No. 22-cv-62268-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record