UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant/Counterclaimant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Counter-defendant, JESSE IWUJI MOTORSPORTS, LLC ("JIM"), by and through undersigned counsel, hereby file the following Answer[1] and Affirmative Defenses to Counterclaimant's, EQUITY PRIME MORTGAGE, LLC ("EPM"), Counterclaim.

**ANSWER**

**Jurisdiction and Venue**

1. Admitted for jurisdiction purposes only.

2. Admitted for jurisdiction purposes only.

**The Parties**

3. Admitted for jurisdiction purposes only.

4. Admitted for the purpose of acknowledging that JIM is a Florida limited liability company comprised of several members; however, JIM denies that Jesse Iwuji is a member of JIM. JIM further denies that Jesse Iwuji is the sole driver for the American stock car racing team.

---

[1] The numbered items in the Answer correspond to the numbered items contained in EPM's Counterclaim. All definitions provided in EPM's Counterclaim are incorporated herein

**Factual allegations**

5. JIM lacks sufficient knowledge to admit or deny this claim; therefore, denied.

6. JIM lacks sufficient knowledge to admit or deny this claim; therefore, denied.

7. JIM lacks sufficient knowledge to admit or deny this claim; therefore, denied.

8. JIM lacks sufficient knowledge to admit or deny this claim; therefore, denied.

9. JIM lacks sufficient knowledge to admit or deny this claim; therefore, denied.

10. JIM lacks sufficient knowledge to admit or deny this claim; therefore, denied.

11. Admitted for the purpose of acknowledging JIM and EPM entered into the Sponsorship Agreement attached as Exhibit A to JIM's Second Amended Complaint, and that the terms of the Sponsorship Agreement speak for itself; otherwise, denied.

12. Admitted for the purpose acknowledging the Statement of Work attached and made part of the Sponsorship Agreement, and that the terms of the Statement of Work speak for itself; otherwise, denied.

13. Admitted for the purpose of acknowledging JIM and EPM entered into the Sponsorship Agreement attached as Exhibit A to JIM's Second Amended Complaint, and that the terms of the Sponsorship Agreement speak for itself; otherwise, denied. JIM specifically denies that there was any understanding (implicit or explicit between the parties) that Jesse Iwuji was to be the only racecar driver for JIM.

14. Admitted for the purpose of acknowledging Casto flew to Atlanta on May 11, 2022 and met with Perez during this trip; otherwise, denied. JIM specifically denies that JIM has breached the Sponsorship Agreement or that JIM has acknowledged the occurrence of any such breach by JIM.

15. Admitted for the purpose of acknowledging Casto flew to Atlanta on May 11, 2022 and met with Perez during this trip; otherwise, denied. JIM specifically denies that JIM has breached the Sponsorship Agreement or that JIM has acknowledged the occurrence of any such breach by JIM.

16. Admitted for the purpose of acknowledging Casto flew to Atlanta on May 11, 2022 and met with Perez during this trip; otherwise, denied. JIM specifically denies that JIM has breached the Sponsorship Agreement or that JIM has acknowledged the occurrence of any such breach by JIM.

17. Admitted for the purpose of acknowledging Casto flew to Atlanta on May 11, 2022 and met with Perez during this trip; otherwise, denied. JIM specifically denies that JIM has breached the Sponsorship Agreement or that JIM has acknowledged the occurrence of any such breach by JIM.

18. Denied.

19. Denied.

20. Admitted for the purpose of acknowledging that JIM sent EPM the termination notice attached as Exhibit B to JIM's Second Amended Complaint; otherwise, denied.

## **BREACH OF CONTRACT**

21. JIM re-states and re-alleges JIM's responses to the allegations set forth in Paragraphs 1 through 20 as if sully set forth herein.

22. Admitted for the purpose of acknowledging that JIM and EPM entered into the Sponsorship Agreement attached as Exhibit A to JIM's Second Amended Complaint, and that the terms of the Sponsorship Agreement speak for itself.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSE

**First Affirmative Defense:** No Breach by JIM

1. EPM's Counterclaim for breach of contract alleges that JIM breached the Sponsorship Agreement by, *inter alia*, knowingly concealing that Jesse Iwuji was not the sole driver of the EPM sponsored racecar. However, the Sponsorship Agreement does not include any terms or contractual provisions requiring that Jesse Iwuji be the sole and agreed upon driver of the EPM sponsored racecar. As the terms of the Sponsorship Agreement are plain and unambiguous, the terms of the agreement must be interpreted in accordance with its plain meaning. As the Sponsorship Agreement contains no express terms in support of EPM's claim that Jesse Iwuji was to be the sole and agreed upon driver of the EPM sponsored racecar, it follows that no breach of the Sponsorship Agreement has occurred.

**Second Affirmative Defense:** Accord and Satisfaction

2. Assuming, *arguendo*, that EPM has properly met its burden to show breach of the Sponsorship Agreement occurred on or around May 11, 2022, EPM is not entitled to relief, because the parties reached an accord and satisfaction following Casto's trip to Atlanta to visit EPM, evidenced by EPM's continued payment of the monthly sponsorship fee for the months of June, July, August, and September (each following the date of the alleged breach), during which time EPM continued to enjoy the benefits of the Sponsorship Agreement. Therefore, based upon the accord and satisfaction reached by the parties, JIM has not committed a breach of the Sponsorship Agreement.

**Third Affirmative Defense:** Unclean Hands

3. EPM's Counterclaim is barred, in whole in part, due to the doctrine of unclean hands. Specifically, EPM alleges that it refused to make payment under the Sponsorship Agreement due to JIM's prior breach (notwithstanding the fact such breach allegedly occurred in May, 2022, yet EPM continued to make payment as required for four additional months thereafter). However, at the time JIM was first notified EPM would not be making payment, EPM specifically informed JIM that it would not be making further payment because EPM received a "margin call" and was suffering financially due to mortgage rate hikes. Though JIM sympathized with EPM's predicament and proposed measures in good faith in order to benefit EPM and continue the parties' relationship, EPM again reiterated in communications with JIM that the effect of the "margin call" was the reason why future payments would not be made. As such, it was the effect of EPM's own actions/business operations that affected EPM's ability to comply with the terms of the Sponsorship Agreement, and it would be unequitable to allow EPM's actions to obviate its contractual responsibilities under the Sponsorship Agreement.

**Fourth Affirmative Defense:** Justification

4. JIM was justified in having another driver serve as driver for the EPM sponsored racecar, as the Sponsorship Agreement does not state: (i) that Jesse Iwuji is to be the sole driver of the EPM sponsored racecar, (ii) that EPM is to have approval rights over who is/was to be the driver of the EPM sponsored racecar, or (iii) that the use of any driver other than Jesse Iwuji would have any negative commercial impact on the rights granted by JIM under the agreement.

**Fifth Affirmative Defense:** Ratification

5. EPM ratified the actions of JIM by continuing to make monthly payment of the sponsorship fee and enjoy the other commercial benefits provided pursuant to the Sponsorship Agreement following May 11, 2022 (the date EPM alleges it discovered JIM committed a breach of the Sponsorship Agreement). Furthermore, numerous communications between JIM and EPM representatives after May 11, 2022, specifically detail EPM's satisfaction and happiness with EPM's sponsorship relationship with JIM.

**Sixth Affirmative Defense:** Good Faith

6. EPM is not entitled to relief, because, at all times relevant, JIM acted in good faith in ensuring EPM received the benefits actually agreed upon and contracted for pursuant to the terms set forth in the Sponsorship Agreement.

**Seventh Affirmative Defense:** Complete Performance

7. EPM is not entitled to relief, because, at all times relevant, JIM has acted in complete performance with the terms and conditions set forth in the Sponsorship Agreement.

May 1, 2023                                                         Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for*
*Plaintiff/Counterclaimant*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By: _/s/ Darren A. Heitner_
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: _____

DARREN A. HEITNER