UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant/Counterclaimant.
_____/

**PLAINTIFF/COUNTER-DEFENDANT'S**
**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff/Counter-Defendant, JESSE IWUJI MOTORSPORTS, LLC ("JIM"), by and through undersigned counsel and in accordance with Rule 12(f) of the Federal Rules of Civil Procedure and Court Order [D.E. 16], hereby moves to strike Defendant/Counterclaimant's, EQUITY PRIME MORTGAGE, LLC ("EPM"), Affirmative Defenses and, in support thereof, states as follows:

**OVERVIEW**

1.    On December 7, 2022, JIM filed a Second Amended Complaint against EPM seeking damages for breach of contract due to EPM's failure to make payment in accordance with the terms set forth in the Sponsorship Agreement entered into between the parties.

2.    On February 9, 2023, EPM filed an Answer and Affirmative Defenses and Counterclaim to JIM's Second Amended Complaint. *See* [D.E. 10].

3.    For the reasons set forth below, JIM moves for an order striking each of EPM's Affirmative Defenses.

**ARGUMENT**

    A. **Legal Standard**

"An affirmative defense is a defense that 'admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *See Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla. 2013). Rule 12(f) of the Federal Rules of Civil Procedure states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A defense that either: (i) merely points out a defect in the plaintiff's prima facie case, or (ii) simply denies the complaint's allegations, is not an affirmative defense. *Id.* Furthermore, an affirmative defense must be stricken if it is insufficient as a matter of law; a defense is insufficient as a matter of law if: (i) on the face of its pleadings, it is patently frivolous, or (ii) it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002).

Where an affirmative defense amounts to "no more than bare bones conclusory allegations, it must be stricken." *Id.* at 683. In analyzing the pleading standard needed to properly assert an affirmative defense, the Southern District of Florida has stated:

> [T]his Court finds that affirmative defenses should be subject to the same general pleading standards of complaints. A plaintiff should be given sufficient notice of the defense asserted and the ground upon which it rests…. the Court finds there should be sufficient facts pleaded in an affirmative defense to show how and why the defense asserted applies to a case.

*Losada*, 296 F.R. D. at 691.; *see also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (stating affirmative defenses are also subject to the general pleading requirements of FRCP 8(b)(1)(A), which requires the defendant to give the plaintiff fair notice of

the nature of the defense and the grounds upon which it rests.). Other districts have further elaborated on the necessary pleading standard, stating:

> As this Court recently discussed in some detail, affirmative defenses must comply with two separate pleading requirements. First, the defense, as plead, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. *Daley v. Scott*, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense. *Id*. (citing *Grant v. Preferred Research, Inc*., 885 F.2d 795, 797 (11th Cir. 1989); *Hassan v. U.S. Postal Serv*., 842 F.2d 260, 263 (11th Cir. 1988)). Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs." *Id*. (citations omitted).

*PK Studios Inc. v. R.L.R. Investments, LLC*, 2016 WL 4529323, at *2 (M.D. Fla. August 30, 2016).

### B. EPM's Affirmative Defenses Must Be Stricken For Each of the Reasons Set Forth Below.

#### a. EPM's First Affirmative Defense

EPM's first affirmative defense states that JIM's Second Amended Complaint "fails to state a claim upon which relief may be granted because there is a complete failure to allege sufficient facts to support a legally cognizable claim that is plausible on its face." [D.E. 10, pg. 4].

In *Havana Docks Corp. v. Carnival Corp.,* 592 F. Supp. 3d 1088, 1194 (S.D. Fla. 2022), the Southern District of Florida stated, "**Failure to state a claim is not an affirmative defense…**" (emphasis added). In *Delgado v. Carnival Corp*., No. 22-CV-21384, 2022 WL 16714188, at *2–3 (S.D. Fla. Nov. 4, 2022), the Southern District of Florida further stated:

> **Courts in this District routinely strike "failure to state a claim" defenses labeled as "affirmative defenses," because they do not constitute valid affirmative defenses**. *See, e.g.*, *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-cv-61490, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (Cooke, J.) (striking "failure to state a claim" affirmative defense and noting "[w]hile treating the 'failure to state a claim' affirmative defense as a denial, and allowing

it to remain as an affirmative defense may be permissible, I believe the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate"); *Northrop & Johnson Holding Co. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (Bloom, J.) (citing *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (Hurley, J.) ("Failure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bars recovery notwithstanding [a party]'s valid prima facie case.")).

**Consistent with the foregoing authority, the Court finds that Defendant's First Affirmative Defense, alleging failure to state sufficient facts to state a cause of action, is not a proper affirmative defense and must be stricken**.

(emphasis added). Because EPM's first affirmative defense amounts to nothing more than an allegation that JIM's Second Amended Complaint fails to state a claim, EPM's first affirmative defense must be stricken by the Court.

### b. EPM's Second Affirmative Defense

EPM's second affirmative defense alleges that JIM's claims are barred by reason of unclean hands. [D.E. 10, pg. 4]. This affirmative defense is patently frivolous and therefore fails as a matter of law. Specifically, in this defense, EPM alleges that JIM engaged in a scheme to deceive EPM by knowingly concealing violations of the Sponsorship Agreement. Though not specifically mentioned in its affirmative defense, JIM assumes these alleged violations are those mentioned in EPM's Counterclaim. *See* [D.E. 10, pg.8, ¶14] ("In fact, JIM knowingly concealed that another racecar driver was now driving the EPM sponsored racecar.").

The Sponsorship Agreement does not include any terms or contractual provisions requiring that Jesse Iwuji be the sole and agreed upon driver of the EPM sponsored racecar. Because no such requirement is included in the Sponsorship Agreement, the basis on which this affirmative defense is alleged is patently frivolous; as a result, EPM's second affirmative defense must be stricken by the Court as a matter of law.

c. **EPM's Third Affirmative Defense**

EPM's third affirmative defense alleges that JIM's claims are barred by reason of JIM's antecedent breach. [D.E. 10, pg. 4]. This affirmative defense is patently frivolous and therefore fails as a matter of law. Specifically, for this defense, EPM alleges that JIM's claim that EPM breached the Sponsorship Agreement came after JIM had already acknowledged its own breach of the agreement at a meeting with EPM on or about May 11, 2022. Though not specifically mentioned in this affirmative defense, JIM assumes this allege breach by JIM is the one mentioned in EPM's Counterclaim. *See* [D.E. 10, pg. 8, ¶¶14-15) (stating that the alleged breach was JIM concealing that Jesse Iwuji was no longer driving the EPM sponsored racecar).

The Sponsorship Agreement does not include any terms or contractual provisions requiring that Jesse Iwuji be the sole and agreed upon driver of the EPM sponsored racecar. Because no such requirement is included in the Sponsorship Agreement, the basis for which this affirmative defense is alleged is patently frivolous; as a result, EPM's third affirmative defense must be stricken by the Court as a matter of law.

d. **EPM's Fourth Affirmative Defense**

EPM's fourth affirmative defense alleges that JIM's claims are barred by the doctrine of modification. [D.E. 10, pg. 4]. This affirmative defense fails as a matter of law. Section 12(f) of the Sponsorship Agreement (Modification, Waiver) states, in pertinent part, "**No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing signed by the Parties.**" (emphasis added). EPM has not presented or cited to any writing signed by the Parties, or provided any other facts, in support of this affirmative defense. In *Stearns Bank Nat'l Ass'n v. IALP, LLC*, No. 12-62402-CIV, 2013 WL

12092064, at *2 (S.D. Fla. Apr. 15, 2013), the Southern District of Florida struck a similarly asserted affirmative defense, stating:

> … Plaintiff argues that Defendants' Fourth, Twelfth, Thirteenth, Fifteenth, Seventeenth, and Eighteenth Affirmative Defenses (the oral modification affirmative defenses) should be stricken because they are barred as a matter of law by … (c) anti-oral modification clauses… **Moreover, the loan documents at issue in this action repeatedly provide that any amendments or modifications must be made in writing and signed by the parties**. See [DE 1-2] at Ex. A, VI(C). **Accordingly, the Court will strike Defendants' Fourth, Twelfth, Thirteenth, Fifteenth, Seventeenth, and Eighteenth Affirmative Defenses because they fail as a matter of law.**

(emphasis added). As the Sponsorship Agreement contains parallel language to the documents referenced in *Stearns Bank*, because the Court in *Stearns Bank* struck the modification affirmative defense for failure to comply with the terms of the documents (i.e. that all modifications must be set forth in writing and signed by the parties), the Court must similarly here strike EPM's fourth affirmative defense due to failure as a matter of law.

e. **EPM's Fifth Affirmative Defense**

EPM's fifth affirmative defense alleges that JIM's claims are barred "by reason of there not having been a meeting of the minds as to certain material terms of the Sponsorship Agreement." [D.E. 10, pg. 4]. "[A] meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract, and where it appears that the parties are continuing to negotiate as to essential terms of an agreement, there can be no meeting of the minds." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012), *aff'd*, 714 F.3d 1234 (11th Cir. 2013).

JIM and EPM negotiated and signed the Sponsorship Agreement based on the essential terms contained therein (i.e. sponsorship price, services to be performed, duration of term). The Sponsorship Agreement is fully executed, as evidenced by the signatures of both parties on the

agreement. Furthermore, the parties fully performed under the agreement up until EPM's breach, as alleged in the Second Amended Complaint. Therefore, a meeting of the minds occurred upon execution and subsequent performance (until breach), as there were no essential terms left open for negotiation. As a result, EPM's fifth affirmative defense fails as a matter of law, and must be stricken by the Court.

### f. EPM's Sixth Affirmative Defense

EPM's sixth affirmative defense alleges that JIM has "breached the implied duty of good faith and fair dealing inherent in every agreement." [D.E. 10, pg. 4-5]. In relying upon case precedent established by the Eleventh Circuit, the Middle District of Florida stated the following:

> The duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements… The Eleventh Circuit has held that 'no independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing. Where a party to a contract has in good faith performed the express terms of the contract, an action for breach of the implied covenant of good faith will not lie.'…**Thus it is clear that in order to maintain a claim for breach of the implied duty of good faith and fair dealing, there must be an express term of the contract that has been breached, and the implied duty cannot vary the terms of the written contract**.

*JPMorgan Chase Bank v. Synergy Pharmacy Servs., Inc.*, No. 8:18-CV-1253-VMC-SPF, 2021 WL 2351179, at *5 (M.D. Fla. June 9, 2021) (emphasis added).

EPM alleges in its Counterclaim that JIM breached the Sponsorship Agreement by: (i) failing to participate in certain events in accordance with the Scope of Work incorporated into the Sponsorship Agreement, and (ii) knowingly concealing that Jesse Iwuji was no longer the sole driver of the EPM sponsored racecar. *See* [D.E. 10, pg. 10-11, ¶23]. However, (a) in its affirmative defense, EPM fails to allege what events JIM failed to participate in (thereby, providing nothing more than a conclusory bare bone allegation that JIM breached the Sponsorship Agreement, due

to the lack of sufficient facts needed to put JIM on proper notice of the claims alleged against it), and (b) the Sponsorship Agreement does not include any terms or contractual provisions requiring that Jesse Iwuji be the sole and agreed upon driver of the EPM sponsored racecar. For such reasons, EPM's sixth affirmative defense fails as a matter of law, and must be stricken by the Court.

### g. EPM's Seventh Affirmative Defense

EPM's seventh affirmative defense alleges that JIM's claims are "barred by the doctrines of waiver, equitable estoppel, and release." [D.E. 10, pg. 5]. EPM's seventh affirmative defense must be stricken, as each of the aforementioned defenses are discrete defenses that must be pled separately. *See Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1195 (S.D. Fla. 2019) (striking Defendant's seventh affirmative defense – which stated "The action and/or the damages claimed in this action are barred by res judicata, **waiver**, **estoppel** (collateral or otherwise), laches, satisfaction, **release** or agreement" – because these defenses were improperly combined and should have been pled separately) (emphasis added).

Moreover, upon review of the adequacy of each defense, the Court must strike EPM's seventh affirmative defense(s) because the defenses are nothing more than bare recitations of boiler-plate affirmative defenses and do not provide JIM fair notice as to the basis of each defense. *See, e.g., Id*.

### h. EPM's Eighth Affirmative Defense

EPM's eighth affirmative defense states "To the extent that Plaintiff failed to set forth its claim with sufficient particularity to permit Defendant to determine all applicable and available defenses, Defendant reserves the right to amend and/or supplement this Answer with additional defenses when and if such information is ascertained." [D.E. 10, pg. 5]. EPM's eighth affirmative defense amounts to a reservation of reservation of rights, which does not constitute an affirmative

defense because it does not respond to JIM's Second Amended Complaint or raise facts that negate JIM's claims. *See Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009); *See also Ayers v. Consol. Constr. Servs. Of SW Florida*, 2007 U.S. Dist. LEXIS 86596, at *5 (M.D. Fla. Nov. 26, 2007) (striking a reservation of rights clause asserted as an affirmative defense). As a result, EPM's eighth affirmative defense must be stricken.

### i. EPM's Ninth Affirmative Defense

EPM's ninth affirmative defense alleges that JIM engaged in conduct constituting a waiver of its rights under any agreements with EPM. Not only does this affirmative defense fail due to being nothing more than a bare bones conclusory allegation that fails to provide JIM with fair notice as to the basis of the defense (i.e. EPM's ninth affirmative defense fails to allege what conduct occurred or was engaged in by JIM that constituted a waiver of its rights), but EPM's ninth affirmative defense further fails for the reasons provided relating to EPM's fourth affirmative defense. Specifically, because Section 12(f) of the Sponsorship Agreement expressly states that "No modification of or amendment to this Agreement, **nor any waiver of any rights under this Agreement**, will be effective unless in a writing signed by the Parties," and no such writing has been alleged, provided, or cited as basis in support of this defense, EPM's ninth affirmative defense must be stricken due to failing as a matter of law.

### j. EPM's Tenth Affirmative Defense

EPM's tenth affirmative defense alleges that JIM's "actions and/or any agreements between the parties constituted a full release and waiver…of any and all claims" JIM may have against EPM. Again, this affirmative defense fails as a matter of law for the reasons set forth herein and applied to EPM's fourth and ninth affirmative defenses. Furthermore, EPM's tenth affirmative defense fails to provide any facts (i.e. JIM's supposed actions and/or the existence of any

agreement(s) between the parties) as basis in support this defense. As such, this defense must be stricken as a matter of law.

### k. EPM's Eleventh Affirmative Defense

EPM's eleventh affirmative defense alleges that JIM's Second Amended Complaint is barred because JIM "engaged in acts and courses of conduct which rendered it in pari delicto." [D.E. 10, pg. 5]/ "The equitable defense of in pari delicto, which literally means 'in equal fault,' is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988); *see Official Cmte. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir.2006) ("The doctrine of in pari delicto is an equitable doctrine that states 'a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing.'") (quoting Black's Law Dictionary 794 (7th ed.1999)). An *in pari delicto* defense may be successfully asserted at the pleading stage only where "the facts establishing the defense are: (1) definitively ascertainable from the complaint and other allowable sources of information, and (2) suffice [sic] to establish the affirmative defense with certitude." *Gray v. Evercore Restructuring, LLC,* 544 F.3d 320, 325 (1st Cir.2008).

Because the Sponsorship Agreement does not include any terms or contractual provisions requiring that Jesse Iwuji be the sole and agreed upon driver of the EPM sponsored racecar, there exists no facts ascertainable from JIM's Second Amended Complaint or EPM's Counterclaim that could establish this defense. Furthermore, JIM has not alleged any facts relating to this affirmative defense. As such, this affirmative defense amounts to nothing more than a bare bones conclusory allegation / boiler-plate recitation, and must be stricken as a matter of law.

### l. EPM's Twelfth Affirmative Defense

EPM's twelfth affirmative defense alleges JIM is not entitled to recovery "because of the failure to mitigate damages." [D.E. 10, pg. 5]. EPM's twelfth affirmative defense does not contain any allegations connecting the failure to mitigate damages to JIM's claims against EPM. For such reason, this affirmative defense is improperly pled and must be stricken as a matter of law. *See, e.g.*, *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *5 (S.D. Fla. May 14, 2018) (finding a failure to mitigate defense legally insufficient because it did not contain any allegations connecting the defense to plaintiff's claim)."

### CONCLUSION

WHEREFORE, JIM respectfully requests that the Court enter an Order: (i) striking EPM's Affirmative Defenses with prejudice; and (ii) granting such other relief as the Court deems just and appropriate.

### L.R. 7.1(a)(3) Certification

The undersigned counsel has conferred with all parties who may be affected by the relief sought hereunder (*i.e.*, EPM), and counsel for EPM has indicated that EPM opposes the requested relief sought herein and that counsel will not be voluntarily withdrawing any of its affirmative defenses.

May 1, 2023                                           Respectfully submitted.

                                                      **HEITNER LEGAL, P.L.L.C**
                                                      *Attorney for Plaintiff/Counterclaimant*
                                                      215 Hendricks Isle
                                                      Fort Lauderdale, FL 33301
                                                      Phone: 954-558-6999
                                                      Fax: 954-927-3333

                                                      By: _____
                                                      DARREN A. HEITNER

Florida Bar No.: 85956<br>
Darren@heitnerlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, a true and correct copy of the foregoing was electronically filed using CM/ECF, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: _/s/ Darren A. Heitner_
DARREN A. HEITNER