UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant/Counterclaimant.
_____/

**<u>DEFENDANT/COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56</u>**

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ............................................................................................................. i

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................ 1

**FACTS** ......................................................................................................................................... 2

**MEMORANDUM OF LAW** ...................................................................................................... 2

**LEGAL ANALYSIS** ................................................................................................................... 2

    **I.**    **STANDARD OF REVIEW** ............................................................................................ 2

    **II.**    **JIM BREACHED THE AGREEMENT.** ...................................................................... 3

        **A.**    **JESSE IWUJI WOULD BE THE SOLE AND EXCLUSIVE DRIVER OF JESSE IWUJI MOTORSPORTS.** ............................................................................................... 4

        **B.**    **JIM MATERIALLY BREACHED THE AGREEMENT.** ......................................... 5

        **C.**    **EPM WAS DAMAGED AS A RESULT OF JESSE IWUJI'S BREACH.** ............... 6

    **III.**    **JIM CANNOT RECOVER FOR BREACH OF CONTRACT BECAUSE IT FAILED TO FULFILL ALL MATERIAL TERMS OF THE AGREEMENT.** .................. 7

    **IV.**    **IN THE ALTERNATIVE THE AGREEMENT IS UNENFORCEABLE BECAUSE THERE WAS NO MUTUALITY OF AGREEMENT TO ALL ESSENTIAL TERMS OF THE CONTRACT.** ............................................................................................ 7

**CONCLUSION** ........................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Acosta v. Dist. Bd. Of Trustees of Miami-Dade Cmty. Coll.*,
  905 So. 2d 226 (Fla. Dist. Ct. App. 2005) .................................................................................. 8

*Alegra Motorsports v. Nano Pro Mt, LLC*,
  2023 WL 1971899 (M.D. Fla. Jan. 19, 2023), report and recommendation adopted sub nom.
  *Alegra Motorsports, LLC v. Nano Pro MT, LLC*, 2023 WL 1967571 (M.D. Fla. Feb. 13, 2023)
  ................................................................................................................................................ 6

*Beefy Trail, Inc. v. Beefy King Int'l, Inc.*,
  267 So. 2d 853 (Fla. Dist. Ct. App. 1972 ................................................................................. 5

*Big E Trailers, Inc. v. Ohio Andersons, Inc.*,
  2016 WL 2943889 (M.D. Fla. May 20, 2016) ......................................................................... 5

*Bryka Skystocks, LLC v. Skystocks, Inc.*,
  2013 WL 12090022 (S.D. Fla. June 11, 2013) ......................................................................... 4

*Bus. Specialists, Inc. v. Land & Sea Petroleum, Inc.*,
  25 So. 3d 693 (Fla. Dist. Ct. App. 2010) .................................................................................. 8

*Commc'ns, Inc. v. Ernest*,
  2011 WL 13220159 (S.D. Fla. Dec. 12, 2011) ......................................................................... 3

*Cross v. Craig R. Jayroe D.D.S., LLC*,
  2021 WL 5084235 (S.D. Fla. June 22, 2021) .......................................................................... 2

*DigiART, LLC v. Casale*,
  2023 WL 6038109 (M.D. Fla. Sept. 15, 2023) ......................................................................... 8

*Dirico v. Redland Ests., Inc.*,
  154 So. 3d 355 (Fla. Dist. Ct. App. 2014) ................................................................................. 4

*Gaines v. Nortrust Realty Mgmt., Inc.*,
  422 So. 2d 1037 (Fla. Dist. Ct. App. 1982) .............................................................................. 8

*Gulf Bldg. LLC v. Philadelphia Indem. Ins. Co.*,
  2023 WL 5617358 (S.D. Fla. Aug. 30, 2023) .......................................................................... 3

*In re Standard Jury Instructions--Cont. & Bus. Cases*,
  116 So. 3d 284 (Fla. 2013) ....................................................................................................... 7

*Kol B'seder, Inc. v. Certain Underwriters at Lloyd's of London subscribing to Certificate No.154766 under Cont. No. B0621MASRSWV15BND*,
   261 F. Supp. 3d 1257 (S.D. Fla. 2017), *aff'd,* 766 F. App'x 795 (11th Cir. 2019) ...................... 7

*Kolodziej v. Mason*,
   774 F.3d 736 (11th Cir. 2014) ................................................................................................ 8

*Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.*,
   569 So. 2d 845 (Fla. Dist. Ct. App. 1990) .............................................................................. 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ............................................................................................................... 3

*Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.,*
   416 F. Supp. 3d 1369 (S.D. Fla. 2019) ................................................................................... 3

*Pearson v. Caterpillar Fin. Servs. Corp.*,
   60 So. 3d 1168 (Fla. Dist. Ct. App. 2011) .............................................................................. 4

*St. Johns Inv. Mgmt. Co. v. Albaneze,*
   22 So.3d 728 (Fla. 1st DCA 2009) ......................................................................................... 4

*T.D.S. Inc. v. Shelby Mut. Ins. Co.*,
   760 F.2d 1520 (11th Cir. 1985) .............................................................................................. 6

*Vega v. T-Mobile USA, Inc.*,
   564 F.3d 1256 (11th Cir. 2009 ........................................................................................... 3, 8

**Statutes**

Fed. R. Civ. P. 56(a) ...................................................................................................................... 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant/Counterclaimant.
_____/

## DEFENDANT/COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Defendant/counterclaimant, Equity Prime Mortgage ("EPM") hereby files this motion for summary judgment against plaintiff, Jesse Iwuji Motorsports, and in support of its counterclaim, and states as follows:

### PRELIMINARY STATEMENT

EPM was induced by plaintiff, JIM, to sponsor its race team with the representation that EPM would be sponsoring the dreams of Jesse Iwuji of going from the Navy to NASCAR. During all of the negotiations leading up to the Agreement, the only driver of JIM's racecar was represented to be Jesse Iwuji, a co-owner of JIM. Emmitt Smith, a co-owner of JIM with Jesse Iwuji, was likewise, involved in these negotiations. Representations were made on a regular basis that in exchange for EPM being the primary sponsor for eight races in NASCAR's xFinity series, Jesse Iwuji promised to have two social posts in advance of each race on his channels, appear quarterly at live events, appear quarterly on EPM's podcast, attend EPMx, and provide 6 hours of

1

filming for content each quarter. The only name, image and likeness rights provided were for Jesse Iwuji and co-owner, Emmitt Smith. Despite these promises and representations, Jesse Iwuji only drove in 4 out of the 8 sponsored races, with the heretofore unidentified, Kyle Weatherman driving in the other four. Additionally, Jesse Iwuji failed to uphold his social media posting obligations, failed to appear on podcasts, and failed to attend a live-event in quarter two of 2022. As a result of these breaches, EPM had no choice but to terminate the Agreement in November 2022. Despite having breached the Agreement, JIM now attempts to enforce the Agreement and demands payment for the 2023 season, which they admittedly did not race in. Accordingly, JIM, which breached its obligations under the Agreement may not now move to enforce the Agreement. Accordingly, EPM's counterclaim for breach of contract should be granted and JIM's claim for breach of contract should be dismissed.

## FACTS

The Court is respectfully referred to the accompanying Declaration of Eduardo G. Perez, Jr. ("Eddy Perez") ("Perez Declaration") (Exhibit G), Jason Frazier ("Frazier Declaration")(Exhibit H) and Jenna Silverman ("Silverman Declaration")(Exhibit I) and Defendant's Statement of Material Facts in Support of Motion for Summary Judgment ("56.1 Stmt.") for a recitation of the facts underlying the negotiations and implementation of EPM's sponsorship of Jesse Iwuji and his dreams of going from Navy to NASCAR.

## MEMORANDUM OF LAW
## LEGAL ANALYSIS

### I. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Cross v. Craig R. Jayroe D.D.S., LLC,* 2021 WL 5084235, at *2 (S.D. Fla. June 22, 2021), citing

2

Civ. P. 56(a). "Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.,* 416 F. Supp. 3d 1369, 1375 (S.D. Fla. 2019); *Commc'ns, Inc. v. Ernest*, 2011 WL 13220159, at *2 (S.D. Fla. Dec. 12, 2011) ("A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"). Accordingly, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at *2, citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, "[w]here the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted." *Id.*

## II.   JIM BREACHED THE AGREEMENT.

EPM may recover on its counterclaim for breach of contract by establishing: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Organo*, 416 F. Supp. 3d at 1377, citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009); *see also Gulf Bldg. LLC v. Philadelphia Indem. Ins. Co.,* 2023 WL 5617358, at *35 (S.D. Fla. Aug. 30, 2023) ("it is axiomatic that '[t]o prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages.'"). "To constitute a material breach of the contract, a party's noncompliance must 'go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty.'" *Bryka Skystocks, LLC v. Skystocks, Inc.*, 2013 WL 12090022, at

3

*3 (S.D. Fla. June 11, 2013). Here, JIM materially breached the Agreement when it failed to have Jesse Iwuji drive for JIM in the eight EPM sponsored races.

### A. JESSE IWUJI WOULD BE THE SOLE AND EXCLUSIVE DRIVER OF JESSE IWUJI MOTORSPORTS.

The language of the Agreement is clear and unambiguous that it was Jesse Iwuji who would be the sole and exclusive driver for JIM. When reviewing a contract, its terms "'must be construed according to their plain language.'" *Dirico v. Redland Ests., Inc.,* 154 So. 3d 355, 357 (Fla. Dist. Ct. App. 2014), *citing St. Johns Inv. Mgmt. Co. v. Albaneze,* 22 So.3d 728, 731 (Fla. 1st DCA 2009). In this respect:

> "[a] cardinal rule of contract interpretation is to ascertain and give effect to the intent of the parties." *Allstate Ins. Co. v. Watson,* 195 S.W.3d 609, 611 (Tenn.2006) (citation and internal quotation marks omitted). The "plain meaning of the words in the document" should be used to ascertain the parties' intent. *Id.* This means the "usual, natural, and ordinary meaning of the contractual language.

*Pearson v. Caterpillar Fin. Servs. Corp.*, 60 So. 3d 1168, 1172 (Fla. Dist. Ct. App. 2011).

Accordingly, "[i]f the language is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Id.* at 1172.

Here the language of the Agreement is clear and unambiguous that Jesse Iwuji would be the sole and exclusive driver for JIM. Notably, in the Agreement, it was agreed that EPM would be the primary sponsor for eight races. *See* 56.1 Stmt. at ¶14. That Jesse Iwuji would be the driver for these eight races is evident by the fact that: (a) the Agreement only provided the name, image and likeness rights for Jesse Iwuji and Emmitt Smith; (b) the Agreement provided that it would be Jesse Iwuji who would provide two social media posts in advance of each race; (c) the Agreement provided that Jesse Iwuji would appear quarterly at EPM for: (1) live-events; (2) podcasts; and (3) to create content. *See* 56.1 Stmt. at ¶14; "Statement of Work", Exhibit E. While the Agreement

4

required Jesse Iwuji to drive in the eight races – he only drove in four, and Kyle Weatherman, a Caucasian male who was not a Veteran drove in the other four races. *See* 56.1 Stmt. at ¶¶18, 19. Thus, JIM materially breached the Agreement.

### B. **JIM MATERIALLY BREACHED THE AGREEMENT.**

Jesse Iwuji's failure to drive in the eight primary races was a material breach of the Agreement. "To constitute a material breach, a party's nonperformance must 'go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part.'" *Big E Trailers, Inc. v. Ohio Andersons, Inc.*, 2016 WL 2943889, at *8 (M.D. Fla. May 20, 2016), *citing Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. Dist. Ct. App. 1972). That Jesse Iwuji would be the driver goes to the very essence of the Agreement. As discussed in the Perez Declaration (Exhibit G to the 56.1 Stmt.) and the Frazier Declaration (Exhibit H to the 56.1), the purpose of the Agreement was to sponsor Jesse Iwuji's dream of going from a Naval Officer to a full-time NASCAR driver. It was Jesse Iwuji's story of being an active-duty member in the U.S. Navy and one of only two African Americans driving in NASCAR, which aligned with EPM and its motto of "empowering people more." EPM, co-founded by Eddy Perez who was inspired by his father's story of coming to the United States as a political refugee from Cuba who overcame a treacherous three-day journey and homelessness who seized the opportunities available in America and found a construction company which instilled in his children the drive to succeed and thrive. *See* Perez Decl., Exhibit G at ¶3. Likewise, through the power of homeownership, EPM strives to pass on the American Gift, and "empower people more" to achieve their own dreams. *See Id.* It was Jesse Iwuji's story going from the Naval Academy, to an active-duty officer deployed overseas to training and entering the NASCAR circuit that drew EPM to the NASCAR sponsorship. *See Id.* at ¶4. It was Jesse Iwuji's story that was

pitched to EPM by JIM's agent – Matt Casto. In the negotiations incorporated into the Agreement, the only driver discussed with Jesse Iwuji. *See* 56.1 Stmt. at Exhibits B and C. The only name, image and likeness rights were for Jesse Iwuji and Emmitt Smith. *See* 56.1 Stmt. at Exhibit E. The only appearance rights secured were for Jesse Iwuji. *See Id.* The only social media posts secured were for Jesse Iwuji. *See Id.* The only content requirements were for Jesse Iwuji. *See Id.* No other drivers were mentioned, no other appearance rights were provided and no other social media rights were provided. The terms of the Agreement are clear that Jesse Iwuji was to be the sole driver – and his driving was a material term that was breached when Jesse Iwuji failed to drive in one-half of the contracted races.

### C.  **EPM WAS DAMAGED AS A RESULT OF JESSE IWUJI'S BREACH.**

"Damages for breach of contract should place the injured party in the position it would have been in had the breach not occurred." *Alegra Motorsports v. Nano Pro Mt, LLC*, 2023 WL 1971899, at *3 (M.D. Fla. Jan. 19, 2023), report and recommendation adopted sub nom. *Alegra Motorsports, LLC v. Nano Pro MT, LLC*, 2023 WL 1967571 (M.D. Fla. Feb. 13, 2023). When awarding damages for breach of contract "Florida follows the general rule that to be recoverable, damages for breach of contract 'must arise naturally from the breach, or have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach.'" *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1532 at FN11 (11th Cir. 1985). Here, EPM paid to JIM the sum of $1,875,000.00, which was ten (10) months of monthly sponsorship payments that were paid from December 1, 2021 through September 1, 2022. *See* 56.1 Stmt. at ¶25. EPM continued to make sponsorship payments, despite the fact that Jesse Iwuji failed to drive in only 4 of the 8 races sponsored by EPM and despite the fact that Jesse Iwuji failed to uphold his social media obligations, failed to appear at a live event in quarter 2 of 2022, and failed

6

to make quarterly podcast appearances. As a result of these breaches, EPM should be reimbursed for its sponsorship fee.

### III. JIM CANNOT RECOVER FOR BREACH OF CONTRACT BECAUSE IT FAILED TO FULFILL ALL MATERIAL TERMS OF THE AGREEMENT.

With respect to JIM's claim for breach of contract, its claim must be dismissed because JIM failed to perform its obligations under the Agreement. It is well established that "in order to maintain an action for breach of contract, a claimant must first establish performance on its part of the contractual obligations imposed in the contract." *Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. Dist. Ct. App. 1990); *see also In re Standard Jury Instructions--Cont. & Bus. Cases*, 116 So. 3d 284, 306 (Fla. 2013) ("To maintain an action for breach of contract, a claimant must first establish performance on the claimant's part of the contractual obligations imposed by the contract."). Here, it is undisputed that Jesse Iwuji drove in only 4 out of the 8 EPM sponsored races. *See* 56.1 Stmt. at ¶¶18, 19. Additionally, Jesse Iwuji failed to post his two contracted for social media posts in the weeks preceding the March 5, 2022, May 28, 2022 or October 1, 2022 races, he only appeared on one podcast, and did not do an EPM live-event in Quarter 2. *See* 56.1 Stmt. at ¶21. As a result of these breaches, JIM may not prevail on its breach of contract claim.

### IV. IN THE ALTERNATIVE THE AGREEMENT IS UNENFORCEABLE BECAUSE THERE WAS NO MUTUALITY OF AGREEMENT TO ALL ESSENTIAL TERMS OF THE CONTRACT.

In order to sustain a claim for breach of contract, the parties must have a valid contract. *See Kol B'seder, Inc. v. Certain Underwriters at Lloyd's of London subscribing to Certificate No.154766 under Cont. No. B0621MASRSWV15BND*, 261 F. Supp. 3d 1257, 1266 (S.D. Fla. 2017), *aff'd,* 766 F. App'x 795 (11th Cir. 2019). To demonstrate the existence of a contract, the claimant must demonstrate: "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient

7

specification of the essential terms." *Vega*, 564 F.3d at 1272. "A fundamental principle of the law of contracts is that there must be mutuality of agreement, and there can be no such mutuality when there is no common intention." *Gaines v. Nortrust Realty Mgmt., Inc.*, 422 So. 2d 1037, 1039 (Fla. Dist. Ct. App. 1982). In this respect, "a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract…." *Bus. Specialists, Inc. v. Land & Sea Petroleum, Inc.*, 25 So. 3d 693, 695 (Fla. Dist. Ct. App. 2010), *citing Acosta v. Dist. Bd. Of Trustees of Miami-Dade Cmty. Coll.*, 905 So. 2d 226, 228 (Fla. Dist. Ct. App. 2005). "A court evaluates the existence of mutual assent 'by analyzing the parties' agreement process in terms of offer and acceptance.'" *DigiART, LLC v. Casale,* 2023 WL 6038109, at *3 (M.D. Fla. Sept. 15, 2023), *citing Kolodziej v. Mason*, 774 F.3d 736, 741 (11th Cir. 2014).

Here, to the extent JIM never intended to have Jesse Iwuji drive full-time, which was an essential element to EPM and the sole and exclusive reason for its execution of the Agreement, there was no mutuality to an essential term of the agreement, rendering the Agreement unenforceable.

## CONCLUSION

JIM who breached its obligations under the Agreement may not enforce the Agreement. Accordingly, JIM's claim for breach of contract should be dismissed, and EPM awarded summary judgment on its counterclaim for JIM's breach.

Dated: February 14, 2024

        KREINER / BURNS

        By: __/s/ Seth A. Kreiner
        Seth A. Kreiner, Esq.
          Florida Bar No. 432040
        950 Peninsula Corporate Circle/Suite 3001
        Boca Raton / Florida / 33487
        (p)(561)901-8400

(f)(561)666-9700
seth@kreinerlawfirm.com

FORCHELLI DEEGAN TERRANA LLP

By: /s/ Keith J. Frank

Keith F. Frank, Esq.  (Pro Hac Vice)
Lisa M. Casa, Esq. (Pro Hac Vice Motion Forthcoming)
333 Earle Ovington, Blvd., Suite 1010
Uniondale, NY 11553
(516) 248-1700
kfrank@forchellilaw.com

*Attorneys for Defendant/Counterclaimant*

9

**SERVICE LIST**

Darren A. Heitner, Esq.
Florida Bar No. 85956

HEITNER LEGAL P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
(954) 558-6999 Telephone
Email: darren@heitnerlegal.com

Attorney for Plaintiff/Counter-Defendant

Served via transmission of Notices of
Electronic Filing generated by CM/ECF