UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant/Counterclaimant.
_____/

**<u>DEFENDANT/COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56</u>**

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................................. i

**TABLE OF AUTHORITIES** ......................................................................................................... ii

**PRELIMINARY STATEMENT** .................................................................................................... 1

**BACKGROUND** ........................................................................................................................... 2

**LEGAL ANALYSIS** ..................................................................................................................... 3

    **I.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE SUMMARILY DENIED AS PLAINTIFF FAILED TO PROVIDE ANY SWORN TESTIMONY TO ESTABLISH THE EXISTENCE OF AN AGREEMENT** ....................................................... 3

    **II.  PLAINTIFF FAILED TO PERFORM UNDER THE AGREEMENT AND IS NOT ENTITLED TO SUMMARY JUDGMENT** ......................................................................... 6

        **A.  JESSE IWUJI WAS REQUIRED TO DRIVE IN ALL EPM SPONSORED RACES** 6

    **III. PLAINTIFF FAILED TO DEMONSTRATE THAT IT WAS DAMAGED** ............... 8

    **IV. PLAINTIFF'S BREACH OF THE AGREEMENT EXCUSED EPM FROM CONTINUING TO MAKE PAYMENTS UNDER THE SPONSORSHIP AGREEMENT** ........................................................................................................................... 8

    **V.  THE COURT MAY CONSIDER PAROL EVIDENCE TO AID IN THE INTERPRETATION OF THE AGREEMENT** .................................................................. 9

    **VI. IT IS FOR A JURY TO DETERMINE THE PARTIES' INTENT AND WHETHER THERE HAS BEEN A BREACH OF THE AGREEMENT** ............................................ 10

    **VII. PLAINTIFF WAS PROVIDED NOTICE OF ITS BREACH PRIOR TO EPM TERMINATING THE AGREEMENT** ............................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Aim Recycling of Fla., LLC v. Metals USA, Inc.*,
  2020 WL 209860 (S.D. Fla. Jan. 13, 2020) .............................................................................. 3

*Bryka Skystocks, LLC v. Skystocks, Inc.*,
  2013 WL 12090022 (S.D. Fla. June 11, 2013)........................................................................11

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................. 4

*Clark v. Coats & Clark, Inc.*,
  929 F.2d 604 (11th Cir. 1991) ................................................................................................. 4

*Commc'ns, Inc. v. Ernest*,
  2011 WL 13220159 (S.D. Fla. Dec. 12, 2011)........................................................................ 7

*Farman v. Deutsche Bank Nat'l Tr. Co. as Tr. for Long Beach Mortg. Loan Tr. 2006-05*,
  311 So. 3d 191 (Fla. Dist. Ct. App. 2020) ............................................................................... 8

*Fecteau v. Se. Bank, N.A.*,
  585 So. 2d 1005 (Fla. Dist. Ct. App. 1991) ............................................................................. 7

*Gauck v. Meleski*,
  346 F.2d 433 (5th Cir. 1965).................................................................................................... 3

*Hamilton v. Suntrust Mortg. Inc.*,
  6 F. Supp. 3d 1300 (S.D. Fla. 2014)......................................................................................... 8

*Hirsch v. Jupiter Golf Club LLC*,
  2016 WL 7507865 (S.D. Fla. July 25, 2016)( ......................................................................... 4

*Hoffman v. Terry*,
  397 So. 2d 1184 (Fla. Dist. Ct. App. 1981) ........................................................................... 10

*In re Standard Jury Instructions--Cont. & Bus. Cases*,
  116 So. 3d 284 (Fla. 2013) ....................................................................................................... 6

*Landolfi v. City of Melbourne, Fla.*,
  515 F. App'x 832 (11th Cir. 2013) ........................................................................................... 4

*Maris Distrib. Co. v. Anheuser-Busch, Inc.*,
  2000 WL 33403622 (M.D. Fla. Mar. 17, 2000)....................................................................... 4

*Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.*,
   569 So. 2d 845 (Fla. Dist. Ct. App. 1990) ............................................................................... 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................................ 3

*Ness Racquet Club, LLC v. Ocean Four 2108, LLC*,
   88 So. 3d 200 (Fla. Dist. Ct. App. 2011) ................................................................................. 9

*Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*,
   416 F. Supp. 3d 1369 (S.D. Fla. 2019) .................................................................................... 3

*Ostrow v. GlobeCast Am. Inc.*,
   825 F. Supp. 2d 1267 (S.D. Fla. 2011 ..................................................................................... 9

*Ryan v. Shawnee Mission Unified Sch. Dist. No. 512*,
   437 F. Supp. 2d 1233 (D. Kan. 2006) .................................................................................. 4, 5

*Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*,
   2023 WL 5003169 (M.D. Fla. Aug. 4, 2023) ..................................................................... 7, 10

*SMS Audio, LLC v. Belson*,
   2017 WL 1533971 (S.D. Fla. Mar. 20, 2017) .......................................................................... 5

*United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*,
   941 F.2d 1428 (11th Cir. 1991) ............................................................................................... 4

*Walton for Est. of Smith v. Fla. Dep't of Corr.*,
   2020 WL 5255088 (M.D. Fla. Sept. 3, 2020) .......................................................................... 5

*Wham! Frozen Foods Inc. v. Built Brands, LLC*,
   2022 WL 1664025 (S.D. Fla. Mar. 21, 2022) .......................................................................... 9

**Statutes**

Fed. R. Civ. P. 56 .......................................................................................................................... 1

Fed. R. Civ. P. 56(c)(1)(A) ........................................................................................................... 3

Fed. R. Evid. 901 .......................................................................................................................... 5

## PRELIMINARY STATEMENT

Defendant, Equity Prime Mortgage ("EPM" or "Defendant") submits this memorandum of law in opposition to Plaintiff, Jesse Iwuji Motorsports LLC ("JIM" or "Plaintiff's) motion for summary judgment pursuant to Fed. R. Civ. P. 56. Additionally, EPM references and incorporates its motion for summary judgment [Doc. No. 35], along with its "Statement of Material and Undisputed Facts" ("56.1 Stmt.") [Doc. No. 36], and the underlying documents and declarations that are submitted in support thereof [Doc. Nos. 36-1 through -9] in opposing Plaintiff's motion.

Plaintiff inexplicably failed to provide any sworn statement(s) under the penalties of perjury, in either a declaration or affidavit, in support of its motion.[1] Plaintiff has, therefore, not produced evidence to even meet its burden to demonstrate: (a) that there was a valid Sponsorship Agreement ("Agreement"); (b) that JIM performed under the Agreement; and (c) that EPM breached the Agreement; as such, Plaintiff's motion should summarily be denied and no further review is necessary.

Assuming for purposes of this opposition that the Court determines Plaintiff has met its evidentiary burden on its breach of contract claim, Plaintiff's motion must still be denied. EPM's intent was always only to sponsor Jesse Iwuji's dream to go from the U.S. Navy to a full-time NASCAR driver. Thus, when the parties were negotiating, Plaintiff emphasized to EPM its driver, Jesse Iwuji, one of only two African Americans driving in NASCAR and an active member in the Navy, whose story aligned with EPM's motto of "empowering people more."

Jesse Iwuji was represented to be the sole driver of JIM's stock car for the EPM sponsored races. As such this is why the claimed Agreement only provides for the name, image and likeness

---

[1] In contrast, EPM in support of its motion for summary judgment provided the declarations of Eduardo G. Perez, Jr. ("Perez Decl.") [Doc. No. 36-7], Jason Frazier ("Frazier Decl.") [Doc. No. 36-8], and Jenna Silverman ("Silverman Decl.") [Doc. No. 36-9], to support its undisputed statement of material facts.

1

rights for Jesse Iwuji, and co-owner, NFL Legend, Emmitt Smith. All of the social media posting requirements, off-track appearances, and social media content was by Jesse Iwuji. This clearly evidences that there were no other drivers or personalities connected with JIM's stock car for the EPM sponsored races or ever contemplated or presented to EPM. Despite this, Jesse Iwuji only drove in 4 out of the 8 EPM sponsored races, and Kyle Weatherman, a white, non-veteran drove in the other 4 races. An essential element of any Agreement contemplated by EPM was that Jesse Iwuji was the sole driver for the EPM sponsored races. Kyle Weatherman driving in half of the EPM sponsored races breached the parties' Agreement. Plaintiff's violation renders any claims of a breach by EPM null and void and precludes the granting of Plaintiff's motion for this reason, as well.

Finally, the parties' diametrically opposed interpretation of any Agreement highlights that, at a minimum, there are material questions of fact concerning: (a) whether the parties have an enforceable agreement; (b) Plaintiff's performance under the Agreement; and (c) the purported breach by EPM, which must be resolved by a factfinder. Plaintiff's motion must also be denied on this basis.

## BACKGROUND

EPM refers to its "Statement of Material and Undisputed Facts" ("56.1 Stmt.") [Doc. No. 36], and the exhibits annexed thereto and the Declaration of Eduardo G. Perez, Jr. ("Perez Decl.") [Doc. No. 36-7], Declaration of Jason Frazier ("Frazier Decl.") [Doc. No. 36-8], and Declaration of Jenna Silverman ("Silverman Decl.") [Doc. No. 36-9] as evidence of the Agreement, negotiations, and Plaintiff's breach of the Agreement when Jesse Iwuji failed to race in half of the EPM sponsored races.

2

## LEGAL ANALYSIS

I. **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE SUMMARILY DENIED AS PLAINTIFF FAILED TO PROVIDE ANY SWORN TESTIMONY TO ESTABLISH THE EXISTENCE OF AN AGREEMENT**

Plaintiff fails to meet its burden to demonstrate that there are no material issues of fact that would preclude it from an award on its breach of contract claim. In order to prevail on a claim for breach of contract, Plaintiff must establish "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1377 (S.D. Fla. 2019).

Plaintiff fails to present any affidavits or other sworn testimony to establish the existence of: (a) an Agreement; (b) Plaintiff's performance under the Agreement; or (c) EPM's purported breach. As the moving party, Plaintiff "shoulders the initial burden to demonstrate the absence of a genuine issue of material fact." *Aim Recycling of Fla., LLC v. Metals USA, Inc.*, 2020 WL 209860, at *6 (S.D. Fla. Jan. 13, 2020). This burden is met, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). To demonstrate that it is entitled to summary judgment, Plaintiff must "[c]it[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In this respect "[t]he basic mission of the summary judgment procedure is to allow the court to pierce the pleadings and assess the proof in order to see whether there is a genuine need for a trial." *Gauck v. Meleski*, 346 F.2d 433, 436 (5th Cir. 1965).

3

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it 'must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial.'" *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)(Brennan, J. dissenting); *Landolfi v. City of Melbourne, Fla.*, 515 F. App'x 832, 834 (11th Cir. 2013)("Where it bears the burden of proof at trial, the movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case.") Accordingly, "the party bearing the ultimate burden of proof-usually the Plaintiff-may no longer rest on the pleadings but must then come forward with affidavits, depositions, answers to interrogatories, or other admissible evidence." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 2000 WL 33403622, at *2 (M.D. Fla. Mar. 17, 2000). In this respect. "[e]ven after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Further, "factual allegations must be supported by evidence 'identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.'" *Ryan v. Shawnee Mission Unified Sch. Dist. No. 512*, 437 F. Supp. 2d 1233, 1236 (D. Kan. 2006); *Hirsch v. Jupiter Golf Club LLC*, 2016 WL 7507865, at *1 (S.D. Fla. July 25, 2016)(discussing how on a motion for summary judgment, that the court reviewed the "facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories"). Plaintiff in asserting a claim for breach of contract, bears the burden of proof at trial to demonstrate all elements of its breach of contract claim. Plaintiff has not presented this court with any admissible evidence to support its claim. *See Walton for Est. of Smith v. Fla. Dep't of Corr.*, 2020 WL 5255088, at *1 (M.D. Fla.

Sept. 3, 2020)  (discussing that "[t]he record to be considered on a motion for summary judgment may include 'depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.'")

Additionally, to the extent Plaintiff relies on emails exchanged between non-party, Matt Casto, and Eduardo G. Perez, Jr., CEO of EPM, such documents have not been authenticated and do not constitute proper factual evidence to support Plaintiff's claim. Fed. R. Evid. 901 provides, in relevant part, that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  "A witness with knowledge may authenticate evidence by '[t]estimony that the item is what it is claimed to be.' Fed. R. Evid. 901(b)(1)." *SMS Audio, LLC v. Belson*, 2017 WL 1533971, at *3 (S.D. Fla. Mar. 20, 2017). Here, Plaintiff fails to provide one factual declaration or affidavit and has not authenticated the email records on which it relies in support of its motion. The unauthenticated emails and other documents cannot be considered in support of Plaintiff's motion. *See, e.g., Ryan*, 437 F. Supp. 2d at 1236. ("In this case, plaintiff's factual allegations are largely supported by references to notes, emails, and other documents that are not authenticated or part of a sworn affidavit or other testimony. Thus, the majority of exhibits plaintiff filed in support of her response are not proper Rule 56 evidence.").

Accordingly, Plaintiff failed to present any sworn testimony to support its assertion that: (a) an Agreement existed; (b) it fulfilled its obligations under the Agreement; or (c) EPM's purported breach, does not meet its burden to demonstrate that it is entitled to summary judgment.

Regardless, even if, the Court determines that Plaintiff has established the existence of an Agreement for purposes of the motion for summary judgment, EPM puts forth in Points II-VII, *infra,* why summary judgment in favor of the Plaintiff must still be denied.

## II. PLAINTIFF FAILED TO PERFORM UNDER THE AGREEMENT AND IS NOT ENTITLED TO SUMMARY JUDGMENT

Plaintiff failed to perform and abide by an essential element of the Agreement.[2] As stated in *In re Standard Jury Instructions--Cont. & Bus. Cases*, 116 So. 3d 284, 306 (Fla. 2013) "[t]o maintain an action for breach of contract, a claimant must first establish performance on the claimant's part of the contractual obligations imposed by the contract." *See also Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. Dist. Ct. App. 1990 ("in order to maintain an action for breach of contract, a claimant must first establish performance on its part of the contractual obligations imposed in the contract.")

### A. JESSE IWUJI WAS REQUIRED TO DRIVE IN ALL EPM SPONSORED RACES

As outlined in Point II(A) of EPM's motion for summary judgment, the terms of the Agreement are clear that Jesse Iwuji was to be the sole and exclusive driver of the EPM sponsored races. *See* [Doc. No. 35] at 4-5. This is evident where: (a) the Agreement only provided the name, image and likeness rights for Jesse Iwuji and Emmitt Smith; (b) the Agreement provided that it would be Jesse Iwuji who would provide two social media posts in advance of each race; and (c) the Agreement provided that Jesse Iwuji would appear quarterly at EPM for: (1) live-events; (2) podcasts; and (3) to create content. *See* 56.1 Stmt. [Doc. No. 36] at ¶14; "Statement of Work", Exhibit E [Doc. No. 36-5]. While the Agreement required Jesse Iwuji to drive in the eight races –

---

[2] EPM is not conceding that Plaintiff has satisfied its burden of establishing the existence of an Agreement for purposes of this summary judgment motion. The following arguments are put forth assuming the Court finds that the burden has been met.

he only drove in four, and Kyle Weatherman, a Caucasian male who was not a veteran drove, in the other four races, thereby breaching the Agreement. *See* 56.1 Stmt. [Doc. No. 36] at ¶¶18, 19.

As discussed in Point III of EPM's motion for summary judgment, Plaintiff having failed to fulfill its obligations under the Agreement cannot recover against EPM for any purported breach of contract. *See* [Doc. No. 35] at 11. Plaintiff failed to fulfill its obligations under the Agreement when:

- Jesse Iwuji failed to drive in all 8 EPM sponsored races and only drove in 4 races. *See* 56.1 Stmt. [Doc. No. 36] at ¶¶18, 19.

- Jesse Iwuji failed to post his two contracted for social media posts in the weeks preceding the March 5, 2022, July 16, 2023, July 23, 2023 and October 1, 2023 races. *See* 56.1 Stmt. [Doc. No. 36] at ¶21.

- Jesse Iwuji only appeared on one podcast, and did not appear for an EPM live-event in Quarter 2. *See* 56.1 Stmt. [Doc. No. 36] at ¶21.

Whether Plaintiff breached the Agreement, "is a question of fact." *Commc'ns, Inc. v. Ernest*, 2011 WL 13220159 at *2 (S.D. Fla. Dec. 12, 2011). To the extent Plaintiff disputes that the Agreement required Jesse Iwuji to drive in all of the EPM sponsored races, such dispute raises a material issue of fact that precludes summary judgment. *See Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, 2023 WL 5003169, at *17 (M.D. Fla. Aug. 4, 2023) ("When there are 'two reasonable interpretations' of a contract, 'summary judgment is inappropriate because there is a genuine issue of material fact.'"), *citing Fecteau v. Se. Bank, N.A.*, 585 So. 2d 1005, 1007 (Fla. Dist. Ct. App. 1991).

7

### III. PLAINTIFF FAILED TO DEMONSTRATE THAT IT WAS DAMAGED

Plaintiff may not be awarded summary judgment because it failed to demonstrate that it was damaged by EPM's breach. "Under Florida law, damages are an essential element of an action for breach of contract." *Farman v. Deutsche Bank Nat'l Tr. Co. as Tr. for Long Beach Mortg. Loan Tr. 2006-05*, 311 So. 3d 191, 195 (Fla. Dist. Ct. App. 2020). Here, Plaintiff's motion is silent with respect to any damages that it incurred as a result of EPM's purported breach. Accordingly, Plaintiff cannot be awarded summary judgment as it failed to present any evidence of an essential element of its claim.

### IV. PLAINTIFF'S BREACH OF THE AGREEMENT EXCUSED EPM FROM CONTINUING TO MAKE PAYMENTS UNDER THE SPONSORSHIP AGREEMENT

EPM was excused from making any further sponsorship payments when Plaintiff failed to fulfill its obligations under the Agreement. "It is a fundamental principle of Florida contract law that a material breach by one party excuses the performance by the other." *Hamilton v. Suntrust Mortg. Inc.,* 6 F. Supp. 3d 1300, 1309 (S.D. Fla. 2014). "A 'material breach' is one that goes 'to the essence of the contract.'" *Hamilton,* 6 F. Supp. 3d at 1309. Jesse Iwuji driving in the EPM sponsored races is a material breach because it was Jesse Iwuji and his dream to go from the U.S. Navy to a NASCAR driver that was an essential element to EPM's sponsorship of Plaintiff. *See* Perez Decl. [Doc. No. 36-7] at ¶12; Frazier Decl. [Doc. No. 36-8] at ¶3. Additionally, Plaintiff breached the Agreement when Jesse Iwuji failed to uphold his pre-race social media posting requirements, failed to attend all required live-events, and failed to make all required podcast appearances. *See* 56.1 Stmt. [Doc. No. 36] at ¶¶20, 21. Accordingly, as there was a material breach of the Agreement by Plaintiff, EPM was not required to make any further sponsorship payments. Plaintiff's material breach of the Agreement is evident based on the underlying record. To the

extent there is any dispute as to whether EPM was excused from making any further payments due to Plaintiff's breach of its obligations, such dispute is best left to a factfinder, thereby precluding an award of summary judgment to Plaintiff. *See Wham! Frozen Foods Inc. v. Built Brands, LLC*, 2022 WL 1664025, at *2 (S.D. Fla. Mar. 21, 2022) ("Generally, whether there has been a breach of the terms of a contract is a question of fact for the factfinder."); *Ness Racquet Club, LLC v. Ocean Four 2108, LLC*, 88 So. 3d 200, 203 (Fla. Dist. Ct. App. 2011)("Generally, whether there has been a breach of the terms of the contract is a question of fact, and the issue of whether there is a defense that excuses the breach is typically a question of fact.")

V. **THE COURT MAY CONSIDER PAROL EVIDENCE TO AID IN THE INTERPRETATION OF THE AGREEMENT**

EPM maintains that the Agreement required Jesse Iwuji to drive in the 8 EPM sponsored races. Notably, as discussed in Point II(A), *supra*, and in EPM's motion for summary judgment [Doc. No. 35 at 4-6], it is evident in the four corners of the Agreement that Jesse Iwuji was to drive in the 8 EPM sponsored races, as the Agreement only provides name, image, and likeness rights and social media posting requirements on Jesse Iwuji. To the extent Plaintiff disputes that the Agreement required Jesse Iwuji to drive in all EPM sponsored races, the Court may look to the underlying negotiations to assist in interpreting the Agreement. "Where 'two reasonable interpretations' of a contract [exist], 'the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties.'" *Ostrow v. GlobeCast Am. Inc.*, 825 F. Supp. 2d 1267, 1270 (S.D. Fla. 2011)(internal citations omitted).

Here, as outlined in the accompanying affidavit of EPM's CEO, Eduardo G. Perez, Jr. [Doc. No. 36-7], and the Declaration of Jason Frazier, EPM's Chief Strategy Officer [Doc. No. 36-8], along with the emails [Doc. Nos. 36-1, 36-2, 36-3] and proposals [Doc. Nos. 36-1 and 36-

9

4] sent by Matt Casto, on behalf of Plaintiff, while negotiating the Agreement, the purpose and intent of the Agreement was to have Jesse Iwuji be the sole and exclusive driver for the EPM sponsored races. When Plaintiff pitched the sponsorship, Matt Casto repeatedly emphasized upcoming appearances from Jesse Iwuji that could be used to promote EPM. [Doc. Nos. 36-1, 36-2, 36-3]. Accordingly, as there is an ambiguity in the interpretation of the Agreement, this Court may look outside the four corners of the Agreement to assist in determining the parties' intent. EPM in referencing the underlying negotiations, representations and emails from Plaintiff does not violate the parol evidence rule because EPM does not reference these documents to modify or alter the terms of the Agreement. Rather these representations explain the underlying intent and understanding that sponsoring JIM was sponsoring Jesse Iwuji and his dreams of going from the U.S. Navy to NASCAR. Such intent is evident from the face of the Agreement because the only name, image and likeness rights, social media postings requirements, and appearance requirements were for Jesse Iwuji and Emmitt Smith, and the emails and negotiations referenced by EPM only serve to illuminate the parties' intent when negotiating the Agreement. Accordingly, this Court may consider the underlying emails and affidavits presented by EPM to aid in interpreting the parties' Agreement.

## VI.   IT IS FOR A JURY TO DETERMINE THE PARTIES' INTENT AND WHETHER THERE HAS BEEN A BREACH OF THE AGREEMENT

To the extent the Agreement is found to be ambiguous and "reasonably susceptible to more than one construction," then "it [is] proper to submit the issue to the jury for resolution as a matter of fact." *Hoffman v. Terry*, 397 So. 2d 1184, 1184 (Fla. Dist. Ct. App. 1981). Indeed, "[w]hen there are 'two reasonable interpretations' of a contract, 'summary judgment is inappropriate because there is a genuine issue of material fact.'" *Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, 2023 WL 5003169, at *17 (M.D. Fla. Aug. 4, 2023). Additionally, "whether there has been a

breach of the terms of a contract is a question of fact for the factfinder." *Bryka Skystocks, LLC v. Skystocks, Inc.*, 2013 WL 12090022, at *2 (S.D. Fla. June 11, 2013). Further, as discussed in Point IV of EPM's motion [Doc. No. 35 at 7-8], as JIM, despite the representations made when negotiating the Agreement, alleges that it never intended to have Jesse Iwuji drive in all of the EPM sponsored races, raises a question of material fact as to whether there was mutuality of agreement to an essential term of the contract to render the agreement enforceable between the parties. Accordingly, Plaintiff's motion for summary judgment should be denied by this Court.

### VII. PLAINTIFF WAS PROVIDED NOTICE OF ITS BREACH PRIOR TO EPM TERMINATING THE AGREEMENT

Plaintiff was provided with notice and an opportunity to cure its breach prior to EPM terminating the Agreement as discussed in the Perez and Silverman Declarations. Notably, Perez and Silverman, on behalf of EPM, met with Matt Casto, JIM's agent on May 11, 2022, during which meeting, Plaintiff was advised that it breached the Agreement as a result of Jesse Iwuji's failure to drive in all of the EPM sponsored races. *See* Perez Decl. [Doc. No. 36-7] at ¶19; Silverman Decl. [Doc. No. 36-9] at ¶4. Despite this meeting, Jesse Iwuji continued to breach the Agreement with Jesse Iwuji failing to drive in three more sponsored races. *See* 56.1 Stmt. [Doc. No. 36] at ¶19. Accordingly, Plaintiff was provided with notice and an opportunity to cure its breach.

**CONCLUSION**

For the reasons set forth above, JIM's motion for summary judgment should be denied.

Dated: February 27, 2024

        KREINER / BURNS

        By: */s/ Seth A. Kreiner*
        Seth A. Kreiner, Esq.
        Florida Bar No. 432040
        950 Peninsula Corporate Circle/Suite 3001
        Boca Raton / Florida / 33487
        (p)(561)901-8400
        (f)(561)666-9700
        seth@kreinerlawfirm.com

        FORCHELLI DEEGAN TERRANA LLP

        By: /s/ Keith J. Frank

        Keith F. Frank, Esq.  (Pro Hac Vice)
        Lisa M. Casa, Esq. (Pro Hac Vice Motion Forthcoming)
        333 Earle Ovington, Blvd., Suite 1010
        Uniondale, NY 11553
        (516) 248-1700
        kfrank@forchellilaw.com

        *Attorneys for Defendant/Counterclaimant*

**SERVICE LIST**

Darren A. Heitner, Esq.
Florida Bar No. 85956

HEITNER LEGAL P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
(954) 558-6999 Telephone
Email: darren@heitnerlegal.com

Attorney for Plaintiff/Counter-Defendant

Served via transmission of Notices of
Electronic Filing generated by CM/ECF