UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant/Counterclaimant.

_____/

**Plaintiff/Counter-Defendant Reply In Support of Motion For Summary Judgment**

Plaintiff/Counter-Defendant, Jesse Iwuji Motorsports, LLC ("JIM"), by and through undersigned counsel, hereby replies to Defendant/Counterclaimant's, Equity Prime Mortgage, LLC ("EPM"), Opposition to JIM's Motion for Summary ("Opposition") [D.E. 38], and, in support thereof, states as follows:

    I.    **Argument / Memorandum of Law**

    a.  **Legal Standard**

The first argument raised in EPM's Opposition is that JIM has failed to meet its burden to obtain summary judgment as it relates to JIM's Second Amended Complaint [D.E. 7], because JIM failed "to present any affidavits or other sworn testimony to establish the existence of: (a) an Agreement; (b) Plaintiff's performance under the Agreement; or (c) EPM's purported breach." [D.E. 38, pg. 7]. Though a party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record and/or evidence that demonstrate the absence of a genuine issue of material fact – *see Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986) – there is no express or implied requirement contained in Fed. R. Civ. P. 56 that the moving party must support its motion with affidavits. *Id*. (citing to FRCP 56 to show lack of requirement to support summary judgment motion with affidavits and stating "***regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment…is satisfied***.") (emphasis added); *see also Id.* at 324 (stating a motion for summary judgment may be made pursuant to Rule 56 "**with or without supporting affidavits**.") (emphasis added).

Once the moving party has met its burden under Rule 56(c), the burden shifts to the nonmoving party to establish that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. The nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings, but must come forward with "specific facts showing that there is a *genuine issue for trial*." *Id*. at 567 (emphasis in the original). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id*. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

      **b. JIM has satisfied its burden to obtain summary judgment as it relates to JIM's Second Amended Complaint.**

Taking the foregoing into account, EPM is incorrect that JIM is required to provide affidavits or declarations in support of its Motion for Summary Judgment [D.E. 33], as JIM has cited to other materials in the record in support of its demonstration that no genuine issue of

material fact exists that would preclude the Court's granting of JIM's Motion for Summary Judgment. Particularly:

- Via its Statement of Material Facts [D.E. 32] ("Statement of Material Facts"), JIM cites to the parties' execution of the Sponsorship Agreement for the purpose establishing the existence of an agreement between the parties. *See* [D.E. 32, ¶ 1] ("On November 30, 2021, JIM and EPM executed a Sponsorship Agreement."). In response thereto, EPM does not dispute the parties' execution of the Sponsorship Agreement. *See* [D.E. 39, ¶ 1] (responding to JIM's corresponding Statement of Material Fact with "Admit to the extent that the referred to Exhibit speaks for itself."). Furthermore, throughout EPM's Counterclaim [D.E. 10] and own Motion for Summary Judgment [D.E. 35], EPM continuously cites to the existence of an agreement (i.e. the Sponsorship Agreement) for the purpose of alleging JIM's breach thereof. *See e.g.*, [D.E. 10, ¶ 11] (EPM stating that it agreed to enter into the Sponsorship Agreement). As such, the existence of an agreement (i.e. the Sponsorship Agreement) has been established between the parties.

- Via its Statement of Material Facts, JIM cites to the fact that at no time prior to JIM's delivery of the Notice of Intent to Terminate has EPM ever provided JIM with written notice in accordance with the terms set forth in the Sponsorship Agreement, stating that JIM was and/or had committed a material breach of the Sponsorship Agreement. *See* [D.E. 32, ¶ 13]. This assertion is further supported by: (1) the Declaration of Matt Casto, *see* [D.E. 40-1, ¶¶ 24 – 25, 27], (2) the Declaration of Jesse Iwuji, *see* [D.E. 40-2, ¶¶ 14 – 18, 20 – 22] (each declaration citing to JIM's performance of services claimed unperformed by EPM and/or EPM's failure to provide written notice regarding any alleged breach), and (3) EPM's failure to produce any evidence to support that it provided JIM with written notice of its breach of the Sponsorship Agreement prior to JIM's delivery of its Notice of Intent to Terminate. As such, JIM has established that, (i) at all times relevant, JIM has performed under the Sponsorship Agreement, and/or (ii) EPM failed to provide written notice for the purpose of claiming any failure to perform by JIM of any term contained in the Sponsorship Agreement.

- Via its Statement of Material Facts, JIM cites to EPM's failure to make payment as required under the Sponsorship Agreement as EPM's breach of the agreement. *See* [D.E. 32, ¶¶ 9 – 12]. This assertion is further supported by: (1) the Declaration of Matt Casto, *see* [D.E. 40-1, ¶¶ 29 – 30, 33], and (2) the Declaration of Jesse Iwuji, *see* [D.E. 40-2, ¶¶ 24 – 25].

Notwithstanding, to the extent deemed necessary, JIM directs the Court to the Supplemental Declaration of Matt Casto, attached hereto, in support of its Motion for Summary Judgment. *See, e.g., Branch Banking & Trust Company v. Weiser*, 2013 WL 12093148, at *2

(holding that plaintiff is allowed to file a supplemental affidavit with its reply in support of its motion for summary judgment to rebut allegations raised in defendant's response).

### c. The terms of the Sponsorship Agreement are clear and unambiguous.

EPM's Opposition further argues that JIM is not entitled to summary judgment, because "the terms of the Agreement are clear that Jesse Iwuji was to be sole and exclusive driver of the EPM sponsored races." *See* [D.E. 38, pg. 10]. This, again, is a faulty statement. Nowhere within the Sponsorship Agreement or SOW attached thereto does it state that Jesse Iwuji is to be the sole and exclusive driver during the term of the Sponsorship Agreement. EPM's Opposition states that the terms of the Sponsorship Agreement are "clear." *Id.* Furthermore, EPM repeatedly argues in its own Motion for Summary Judgment that the language of the Sponsorship Agreement is "clear and unambiguous." *See, e.g.,* [D.E. 35, pg. 8].

"Under well-established principles of contract law, where the language of a contract is unambiguous, the legal effect of that language is a ***question of law***." *Orkin Exterminating Co., Inc. v. F.T.C.*, 849 F.2d 1354, 1360 (11th Cir. 1988) (emphasis added). "If the language appearing in the written agreement is clear and unambiguous, the parties' intent is to be discerned **solely** from the plain meaning of the words used." *Alliance Metals, Inc., of Atlanta v. Hinely Industries, Inc.*, 222 F.3d 895, 901 (11th Cir. 2000) (emphasis added).

As provided throughout JIM's Motion for Summary Judgment – in addition to JIM's Response to EPM's Motion for Summary Judgment [*see* D.E. 42, pg. 4 – 9][1] – the plain language of the Sponsorship Agreement does not state, provide, or require in any respect that Jesse Iwuji serve as the sole and exclusive driver of JIM. EPM's arguments in support of such claim are non-persuasive in that not only does EPM miscite JIM's obligations as plainly set forth in the SOW,

---

[1] For the purpose of brevity, JIM incorporates the arguments, accompanying memorandum of law, and exhibit citations set forth within JIM's Response to EPM's Motion for Summary Judgment.

but EPM also attempts to read language into the Sponsorship Agreement that simply does not exist. Because contract interpretation is a **question of law** appropriately decided on summary judgment (*see Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011)), JIM disputing that the Sponsorship Agreement does not require Jesse Iwuji to drive in all of the EPM sponsored races **does not raise a question a fact**. Rather, the Court is tasked with interpreting the language of the Sponsorship Agreement to determine what it does and does not say in order to determine the intent of the parties.

To such end, the Court is not allowed to review or analyze extrinsic (i.e. parol) evidence when interpreting the terms of the Sponsorship Agreement. *See Orkin*, 849 F. 2d at 1362 ("There is probably no better known rule of law than that which says that parol evidence may not be used to contradict the terms of an unambiguous contract."); *see also Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) (when a contract is unambiguous, the parol evidence rule bars the Court's consideration of extrinsic evidence). As such, EPM's reliance on "negotiations" or other parol evidence referenced in its Opposition cannot be considered by the Court and is of no avail.

EPM's argument is additionally confusing in that later on its Response, EPM attempts to characterize the Sponsorship Agreement as an ambiguous document with multiple reasonable interpretations, despite its earlier assertion that the terms of the agreement are "clear." Notwithstanding this blatantly contradictory position, whether a contractual ambiguity exists is also a question of law that may be resolved on summary judgment. *See Orkin*, 849 F. 2d at 1360. However, (i) "[a]n ambiguity in a contract cannot be created by the mere assertion of a party to it"; and (ii) the fact that the meaning of a contract term is disputed likewise reveals no ambiguity. *Id.* (citing *Vreeland v. Federal Power Comm'n*, 528 F.2d 1343, 1351 (5th Cir.1976)).

EPM's sole argument for claiming ambiguity in the Sponsorship Agreement is that EPM says so. A plain reading of the Sponsorship Agreement specifically highlights the respective duties and obligations of the parties; not one such duty or obligation of JIM set forth in the Sponsorship Agreement or accompanying SOW requires Jesse Iwuji to be the sole and exclusive driver of JIM's NASAR racing team during the term of the agreement. This fact is clearly evidenced from the plain meaning of the clear and unambiguous terms contained in the Sponsorship Agreement.

### d. The remaining arguments contained in EPM's Opposition are not supported by the facts, record, and/or applicable law.

Lastly, the remainder of EPM's Opposition likewise fails to dispute JIM's entitlement to summary judgment. Firstly, JIM's Motion is not silent as to the damages incurred as a result of EPM's breach. JIM's Second Amended Complaint sets forth a one-count cause of action for breach of contract, for which the damages arising therefrom are quantifiable based upon the terms of the Sponsorship Agreement. JIM's Motion for Summary Judgment specifically states EPM breached the Sponsorship Agreement by failing to make payment in accordance with its terms. *See, e.g.,* [D.E. 33, pg. 1 – 4) (highlighting EPM's payment obligations under the Sponsorship Agreement and breach thereof).

Secondly, EPM's claim that JIM failed to perform – thereby, excusing EPM from making further payments – are readily refuted and addressed within JIM's Response to EPM's Motion for Summary Judgment (*see* [D.E. 42, pg. 9 – 11]). Summarily, any claim that JIM failed to perform is defeated by: (i) EPM's failure to perform its obligations as required under the Sponsorship Agreement (i.e. failure to propose dates to be mutually agreed upon for the performance of certain Services and/or Deliverables); (ii) lack of express language in the Sponsorship Agreement supporting any alleged breach (including, but not limited, lack of language requiring Jesse Iwuji to serve as JIM's sole and exclusive driver); and/or (iii) EPM's own actions acknowledging

performance of Services and/or Deliverables (including, without limitation, other individuals serving as driver for JIM's NASCAR racing team).

Thirdly, EPM's claim that Jesse Iwuji being the sole and exclusive driver was an essential term of the Sponsorship Agreement is directly addressed within JIM's Response to EPM's Motion for Summary Judgment. *See* [D.E. 42, pg. 11 – 13]). Summarily, Jesse Iwuji being the sole and exclusive driver for JIM's NASCAR team cannot be considered an essential or material term, because (i) whether Jesse Iwuji or another driver drove for JIM did not affect JIM's participation in races in which EPM served as primary sponsor, which JIM continued to participate in prior to the effective termination of the Sponsorship Agreement and thereafter (to the extent able in light of EPM's failure to comply with the Sponsorship Agreement); and (ii) JIM still was able to ensure that Jesse Iwuji and/or other parties from which Services and/or Deliverables were secured still performed and/or were still available to perform such Services and/or Deliverables as required in accordance with the Sponsorship Agreement.

Lastly, EPM's claim that JIM was provided with notice and opportunity to cure its breach is not supported by the record. Section 7(b) of the Sponsorship Agreement states, "Either Party may terminate the Agreement upon written notice to the other Party if such Party is in breach of any material provision of the Agreement and such breach is not cured within thirty (30) days after written notice thereof is received by the Party." *See* **Exhibit A to Second Amended Complaint, D.E. 7-1**. EPM has failed to cite to or produce any evidence detailing EPM's providing of written notice to JIM setting forth specific breaches of the Sponsorship Agreement and providing JIM thirty (30) days to cure such breach(es); EPM failed to do so, because it is unable to, as no such written notice or documented efforts exist. EPM's failure to provide written notice as required under the Sponsorship Agreement does not create a genuine issue of material fact, but rather further

details EPM's inability to properly interpret and/or otherwise comply with the clear and unambiguous terms set forth therein.

## II. Conclusion

WHEREFORE, for the reasons set forth herein, JIM respectfully requests that this Honorable Court grant JIM's Motion for Summary Judgment, and such other relief as the Court deems just and appropriate.

Dated: March 5, 2024                                                       Respectfully submitted,

                                                                                           _/s/__Darren A. Heitner_____
                                                                                           Darren A. Heitner, Esq.
                                                                                           **Heitner Legal, P.L.L.C.**
                                                                                           215 Hendricks Isle
                                                                                           Fort Lauderdale, FL 33301
                                                                                           Tel.: 954-558-6999
                                                                                           Fax: 954-927-3333
                                                                                           Email: Darren@HeitnerLegal.com
                                                                                           *Counsel for Plaintiff/Counter-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024 a copy of the foregoing document was filed electronically via the Court's Electronic Case Filing System and thereby served upon all counsel of record.

                                                                  _/s/__Darren A. Heitner_____
                                                                               Darren A. Heitner, Esq.