UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-62268-BB

JESSE IWUJI MOTORSPORTS, LLC,

      Plaintiff/Counter-defendant,

v.

EQUITY PRIME MORTGAGE, LLC,

      Defendant/Counterclaimant.

_____/

**<u>DEFENDANT/COUNTERCLAIMANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ..................................................................................................... 2

TABLE OF AUTHORITIES .............................................................................................. 3

PRELIMINARY STATEMENT ......................................................................................... 1

**LEGAL ANALYSIS** ............................................................................................................ 2

   **I.   IT IS CLEAR AND UNAMBIGUOUS THAT JESSE IWUJI WAS THE ONLY DRIVER CONTEMPLATED BY THE AGREEMENT.** ...................................................... 2

   **II.   THE COURT MAY CONSIDER THE PARTIES' NEGOTIATIONS TO ASCERTAIN THEIR INTENT IN ENTERING INTO THE AGREEMENT.** ................... 3

   **III.   JIM DRAFTED THE AGREEMENT AND CANNOT ALLEGE THAT IT WAS EPM WHO FAILED TO STATE THAT JESSE IWUJI MUST BE THE SOLE AND EXCLUSIVE DRIVER.** ........................................................................................... 5

   **IV.   JIM MATERIALLY BREACHED ITS OBLIGATIONS UNDER THE AGREEMENT WHEN JESSE IWUJI WAS NOT THE DRIVER FOR EPM SPONSORED RACES.** ........................................................................................... 6

   **V.   EPM IS NOT JUDICIALLY ESTOPPED FROM CONTENDING THAT THERE WAS NO MUTUALITY OF AGREEMENT.** ....................................................... 7

**CONCLUSION** ..................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

*Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*,
　833 F.3d 1299 (11th Cir. 2016) ................................................................................... 6

*Calderon v. Sixt Rent a Car, LLC,*
　5 F.4th 1204 (11th Cir. 2021) ..................................................................................... 5

*Davis v. Valsamis, Inc.,*
　2016 WL 8677194 (S.D. Fla. Oct. 12, 2016), *aff'd,* 752 F. App'x 688 (11th Cir. 2018)........... 5

*DeMarco v. T.D. Bank, N.A.,*
　2017 WL 2892255 (S.D. Fla. Apr. 26, 2017) ..................................................... 2, 3

*Golden v. Univ. of Miami,*
　484 F. Supp. 3d 1255 (S.D. Fla. 2020) ...................................................................... 2

**Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.,**
　569 So. 2d 845 (Fla. Dist. Ct. App. 1990 ................................................................... 7

*MDS (Canada), Inc. v. Rad Source Techs., Inc.,*
　822 F. Supp. 2d 1263 (S.D. Fla. 2011), *aff'd in part, question certified,* 720 F.3d 833 (11th Cir.
　2013), *certified question answered,* 143 So. 3d 881 (Fla. 2014), and *aff'd,* 579 F. App'x 700
　(11th Cir. 2014)................................................................................................... 2, 3

*Slater v. United States Steel Corp.,*
　871 F.3d 1174 (11th Cir. 2017) ................................................................................. 7

**Statutes**

Fed. R. Civ. P. 56........................................................................................................ 1

## PRELIMINARY STATEMENT

Defendant/counterclaimant, Equity Prime Mortgage ("EPM" or "Defendant"), submits this memorandum of law in further support of its motion for summary judgment pursuant to Fed. R. Civ. P. 56 on its counterclaim for breach of contract and in further opposition to the breach of contract claim filed by plaintiff, Jesse Iwuji Motorsports ("Plaintiff" or "JIM"). JIM in its opposition to EPM's motion for summary judgment on the counterclaim, for the first time introduced sworn testimony by Matt Casto and Jesse Iwuji raising new claimed facts in the form of declarations. These belated declarations respectfully cannot be considered in support of JIM's motion for summary judgment.

Plaintiff mistakenly relies exclusively on the contention that the Sponsorship Agreement does not contain the statement, "Jesse Iwuji was to be the sole and exclusive driver for JIM." In relying on this assertion, JIM utterly ignores the entire course of dealing between the parties, the promises and representations made by JIM to induce EPM to enter into the Agreement, the terms of the Agreement when read as a whole, including the discussions held on May 11, 2022, between Matt Casto, Eduardo G. Perez, Jr. (EPM's CEO) and Jenna Silverman (EPM's Chief Marketing Officer). JIM's material breach of the Agreement is evident by the fact that: (a) the Agreement, when read as a whole, provides *only*: (i) the name, image, likeness rights for Jesse Iwuji and Emmitt Smith; (ii) social media posting requirements on Jesse Iwuji and Emmitt Smith; and (iii) appearances at live-events and on podcasts by Jesse Iwuji; (b) that the Agreement was prepared by JIM who had superior knowledge about the norms of NASCAR sponsorships; and (c) when negotiating the Agreement, Jesse Iwuji was the *only* driver contemplated by JIM.  The Agreement is clear and unambiguous that the intent of the parties, and EPM's corresponding sponsorship of EPM was to facilitate Jesse Iwuji and his dream of going from the Navy to being a NASCAR driver.

1

JIM outright acknowledges that it breached the Agreement because Jesse Iwuji did not drive in all of the EPM sponsored races. This is undisputed and summary judgment must be awarded in favor of EPM on its counterclaim.

**LEGAL ANALYSIS**

I.     **IT IS CLEAR AND UNAMBIGUOUS THAT JESSE IWUJI WAS THE ONLY DRIVER CONTEMPLATED BY THE AGREEMENT.**

As discussed in Point II(A), of EPM's motion for summary judgment [Doc. No. 35 at 4-5], when the Agreement is reviewed, *as a whole*, the intent that Jesse Iwuji would be the sole and exclusive driver is clear.  Plaintiff in interpreting the Agreement, relies exclusively on the headings in the Statement of Work, which state: "On-Track *Team* Commitments," and "Off-Track *Team* Commitments." *See* Opposition [Doc. No. 42 at 5]. This overly simplistic view fails to construe the Agreement, in its entirety, wholly contrary to the tenets of contract interpretation. "When construing a contract, a court should read the contract as a whole, giving effect to each of the various provisions of the agreement if it can reasonably be done." *DeMarco v. T.D. Bank, N.A.,* 2017 WL 2892255, at *4 (S.D. Fla. Apr. 26, 2017).  In this respect, "courts do not interpret contractual terms in isolation—'[i]n reviewing a contract ... the entire contract must be reviewed as a whole without fragmenting any segment or portion.'" *Golden v. Univ. of Miami*, 484 F. Supp. 3d 1255, 1263 (S.D. Fla. 2020), *citing MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 822 F. Supp. 2d 1263, 1296 (S.D. Fla. 2011), *aff'd in part, question certified*, 720 F.3d 833 (11th Cir. 2013), *certified question answered*, 143 So. 3d 881 (Fla. 2014), and *aff'd*, 579 F. App'x 700 (11th Cir. 2014).

The only *logical* conclusion is that Jesse Iwuji was contemplated to be the sole and exclusive driver. If there were any other drivers contemplated, EPM would have been provided with the name, image, and likeness rights for that other driver, there would have been social media

posting requirements for the other driver, and there would have been appearance and other requirements imposed on this driver. None of these requirements are in the Agreement. Jesse Iwuji was the only driver contemplated at the time the Agreement was entered into.

The undisputed failure of Jesse Iwuji to drive in the 8 sponsored races is a material breach of the Agreement and requires summary judgment be granted in favor of EPM on its counterclaim and precludes entry of summary judgment in favor of JIM on its breach of contract claim.

## II. THE COURT MAY CONSIDER THE PARTIES' NEGOTIATIONS TO ASCERTAIN THEIR INTENT IN ENTERING INTO THE AGREEMENT.

The Court may consider the parties' negotiations when determining intent. "Florida law permits courts to consider extrinsic evidence not to vary the terms of the contract, but to explain, clarify or elucidate the ambiguous language with reference to the subject matter of the contract, the circumstances surrounding its making, and the relation of the parties." *DeMarco*, 2017 WL 2892255 at *4; *see also MDS (Canada), Inc.*, 822 F. Supp. 2d at 1297 ("Parol evidence may not be used to vary or contradict the terms of an agreement, but it may be admitted to clarify the terms used and show the parties' true intent.").

The Agreement reviewed, *as a whole*, along with the underlying negotiations, leads to the only *logical* conclusion, it was the parties' intent when entering into it that Jesse Iwuji would be the only driver of the EPM sponsored races. The fact that JIM only intended Jesse Iwuji to drive the EPM sponsored car, is clearly admitted to by Matt Casto in his Declaration, where Casto acknowledges that "Kyle Weatherman was contracted as a JIM NASCAR racecar driver on or around April 2, 2022. Kyle Weatherman was contracted as a JIM NASCAR racecar driver to help the team's performance in the NASCAR standings." *See* Decl. of Matt Casto [Doc. No. 40-1] at ¶¶20-21. It was only when Jesse Iwuji was unable to perform that an alternative driver – Kyle

3

Weatherman – was contracted to drive, in contradiction to the original negotiations and intent of the parties.

Matt Casto's post hoc contention that Jesse Iwuji being the exclusive driver was not a condition of EPM's sponsorship and the Agreement is less than candid. Casto blithely ignores the representations he made during the parties' negotiations, which only referenced the value that Jesse Iwuji had for EPM's brand, and discussed upcoming appearances by Jesse Iwuji.[1]  Indeed, on October 25, 2021, Matt Casto referenced upcoming appearances by Jesse Iwuji and discussed how "[EPM] could leverage publicity wise with the theme around empowering people more and the American dream and our partnership if we made this race team partnership official this week."[2] Thereafter, on October 28, 2021, when transmitting the revised proposal, Matt Casto stated "[w]e've got a big dose of Emmitt & Jesse ready to bring your way! We are ready to put this in writing and make the partnership official!"[3] Accordingly, the assertion by Matt Casto that he never represented Jesse Iwuji would be the sole and exclusive driver is inconsistent with the representations he made to EPM when he was pitching the sponsorship. Casto further ignores that the decision to contract with Kyle Weatherman was done without any discussion or prior notice to EPM, even though the Agreement requires that any modifications were to be negotiated and set forth in writing and signed by both parties.[4]  Accordingly, JIM's unilateral modification is a material breach of the parties' agreement.

JIM cannot overcome the fact that they pulled a *bait-and-switch* – using and providing for the name, image, and likeness of Jesse Iwuji[5] and his story as a minority going from the Navy to

---

[1] *See* 56.1 [Doc. No. 36] at ¶¶9-10.
[2] *See* Frazier Decl. [Doc. No. 36-8] at ¶8.
[3] *See* Frazier Decl. [Doc. No. 36-8] at ¶9.
[4] *See* Pl. 56.1, [Doc. No. 32] at ¶ 15.
[5] The argument that Emmitt Smith whose name, image and likeness rights were also provided would be a driver is honestly absurd. Emmitt Smith is an owner, and former NFL pro-football player and the assertion that his name,

being a NASCAR driver to induce EPM into the NASCAR sponsorship, then mid-way through the year using Kyle Weatherman – a non-minority and not a veteran.

### III.   JIM DRAFTED THE AGREEMENT AND CANNOT ALLEGE THAT IT WAS EPM WHO FAILED TO STATE THAT JESSE IWUJI MUST BE THE SOLE AND EXCLUSIVE DRIVER.

In its opposition, JIM incredulously places an undue emphasis on the fact that the Agreement does not affirmatively state that "Jesse Iwuji would be the sole and exclusive driver." As discussed in Point II, *supra*, the Agreement, when read as a whole, leads to the only logical interpretation that Jesse Iwuji would be the sole and exclusive driver of the EPM sponsored races – which JIM acknowledges was breached when Kyle Weatherman drove in 6[6] of them. Additionally, when considering the parties' intent, it is notable that it is Matt Casto, of The Sports Agency, who also negotiated and executed sponsorship agreements with JIM's other sponsors, who prepared the Sponsorship Agreement.[7]  While the Agreement does include a mutual drafting provision, it would be inequitable for JIM – who prepared the Agreement and who, as the sport agent, had superior experience about the terms and customs of a NASCAR sponsorship, to now allege that despite the representations made by JIM when negotiating the Agreement and emphasizing the value of Jesse Iwuji, it was  EPM who had to affirmatively state the words "Jesse Iwuji is the sole driver" when that was the clear intent when the Agreement was prepared and negotiated. *See, e.g., Calderon v. Sixt Rent a Car, LLC,* 5 F.4th 1204, 1219 (11th Cir. 2021) ("Thus, the *contra proferentem* canon expresses a preference that an ambiguity in a contract provision be interpreted against its drafter."); *Davis v. Valsamis, Inc.,* 2016 WL 8677194, at *4 (S.D. Fla. Oct. 12, 2016), *aff'd*, 752 F. App'x 688 (11th Cir. 2018) ("[O]nce we conclude a term is ambiguous, the

---

image and likeness demonstrates that there would be more than one driver just utterly ignores the parties' negotiations and representations made by JIM to EPM – and the public – when launching its brand.
[6] *See* Casto Decl. [Doc. No. 40-1] at ¶19.
[7] *See* Casto Decl. [Doc. No. 40-1] at ¶12; 56.1 [Doc. No. 36] at ¶11.

rule of contra proferentem requires us to construe any ambiguities against the drafter."), *citing*

*Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299 (11th Cir. 2016).

### IV.   JIM MATERIALLY BREACHED ITS OBLIGATIONS UNDER THE AGREEMENT WHEN JESSE IWUJI WAS NOT THE DRIVER FOR EPM <u>SPONSORED RACES</u>.

JIM's material breach of the Agreement is not in dispute. JIM acknowledges that Jesse

Iwuji did not drive in the EPM sponsored races. *See* Pl. Op. 56.1 [Doc. No. 40] at ¶20. As spelled

out in the Perez Decl. and Silverman Decl., JIM was placed on notice of this breach during the

parties' May 11, 2022 meeting.  *See* Perez Decl. [Doc. No. 36-7] at ¶19; Silverman Decl. [Doc.

No. 36-9] at ¶4.  It is notable that Casto, in neither his declaration submitted with JIM's opposition

papers[8] nor his supplemental declaration submitted with JIM's Reply papers,[9] never addressed the

May 11, 2022 meeting, under oath.[10]  Despite this meeting, JIM continued to breach the Agreement

with Jesse Iwuji failing to drive in three more sponsored races. *See* 56.1 Stmt. [Doc. No. 36] at

¶19. Plaintiff was provided with notice and an opportunity to cure its breach.

Jesse Iwuji also did not fulfill his social media posting requirements. The social media

posts referenced by Jesse Iwuji fail to demonstrate that he fulfilled his obligation to promote EPM

in advance of the races:

- March 4, 2022: post made no reference to EPM.

- July 11, 2022, July 14, 2022 July 15, 2022: only includes #EPM, and did not thank EPM as a sponsor.

- July 17, 2022 and July 24, 2022: only references EPM along with JIM's *other* corporate sponsors – Chevrolet and Coca Cola.

---

[8] *See* Casto Decl. [Doc. No. 40-1].
[9] *See* Casto Suppl. Decl. [Doc. No. 43-1].
[10] Which leads to the inescapable conclusion that he was unable to truthfully address it when subject to the penalties of perjury.

- July 22, 2022: in thanking Chevrolet, Jesse Iwuji has on an EPM baseball cap and makes no other references to EPM.

These posts fall short of the two EPM dedicated posts agreed to by the parties in the Agreement. As to the podcast and live virtual team talks, JIM acknowledges that the number of contracted for appearances did not occur. Thus, it is undisputed that EPM's motion for summary judgment should be granted and to the extent the Court considers the belated declarations from JIM, its motion for summary judgment for breach of contract should be denied. *See Marshall Const., Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. Dist. Ct. App. 1990 ("in order to maintain an action for breach of contract, a claimant must first establish performance on its part of the contractual obligations imposed in the contract.").[11]

## V. EPM IS NOT JUDICIALLY ESTOPPED FROM CONTENDING THAT THERE WAS NO MUTUALITY OF AGREEMENT.

EPM is not judicially estopped from arguing that, to the extent that JIM never intended to have Jesse Iwuji be the sole and exclusive driver there was no mutuality of agreement. JIM fails to demonstrate that judicial estoppel applies in this action. As the Eleventh Circuit discussed in *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017) "[o]ur circuit employs a two-part test to guide district courts in applying judicial estoppel: whether (1) the party took an inconsistent position under oath *in a separate proceeding*, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" (emphasis added).

This is the only litigation between JIM and EPM, accordingly, Plaintiff has not and cannot point to an inconsistent position taken by EPM in *a separate proceeding*. EPM does not dispute that the parties executed the Agreement. However, EPM, in response to JIM's contention that

---

[11] JIM's reference to the discussions with Eduardo G. Perez, Jr., CEO in September 2022 concerning the October 2022 sponsorship payment is irrelevant to JIM's material breach of the Agreement. As Plaintiff breached the Agreement, they are unable to recover for any alleged breach of contract.

contrary to the representations made while negotiating the Agreement, there was never an intent to have Jesse Iwuji be the sole and exclusive racer, submits that there was no mutuality of agreement.  It was Jesse Iwuji, as one of two African Americans and a military veteran connected with EPM's motto to "empower people more." It was never JIM's intent to have Jesse Iwuji drive in the 8 EPM sponsored races, EPM submits that there was never a mutuality of agreement. This position is not in contradiction to EPM's counterclaim for breach of contract, which is premised on JIM's breaching the parties' Agreement when it (admittedly) failed to have Jesse Iwuji drive in the EPM sponsored races. These positions are congruent and do not make a mockery of the judicial proceedings. Accordingly, judicial estoppel should not be applied to EPM's alternative argument.

## CONCLUSION

EPM respectfully submits that summary judgment should be awarded in its favor. When negotiating the Agreement, Jesse Iwuji was the only driver contemplated and agreed to by the parties. When Jesse Iwuji could not perform, JIM was forced to find an alternative driver, which fell outside of the parties' Agreement and was contrary to the representations made during the negotiations. As a result, JIM has materially breached the Agreement, mandating an award of summary judgment on EPM's counterclaim and, even if, JIM's belated declarations are considered by the Court on JIM's motion for summary judgment, it must be denied.

Dated: March 6, 2024

KREINER / BURNS

By: /s/ Seth A. Kreiner
Seth A. Kreiner, Esq.
Florida Bar No. 432040
950 Peninsula Corporate Circle/Suite 3001
Boca Raton / Florida / 33487
(p)(561)901-8400
(f)(561)666-9700
seth@kreinerlawfirm.com

8

FORCHELLI DEEGAN TERRANA LLP

By: _/s/ Keith J. Frank_____

Keith F. Frank, Esq.   (Pro Hac Vice)
Lisa M. Casa, Esq. (Pro Hac Vice Motion
Forthcoming)
333 Earle Ovington, Blvd., Suite 1010
Uniondale, NY 11553
(516) 248-1700
kfrank@forchellilaw.com
*Attorneys for Defendant/Counterclaimant*

<u>**SERVICE LIST**</u>

Darren A. Heitner, Esq.
Florida Bar No. 85956

HEITNER LEGAL P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
(954) 558-6999 Telephone
Email: darren@heitnerlegal.com

Attorney for Plaintiff/Counter-Defendant

Served via transmission of Notices of
Electronic Filing generated by CM/ECF

10