UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-62268-BLOOM/Valle

JESSE IWUJI MOTORSPORTS, LLC,

    Plaintiff,

v.

EQUITY PRIME MORTGAGE, LLC,

    Defendant.

_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon the Notice of Joint Suggestion of Lack of Subject-Matter Jurisdiction pursuant to Rule 12(h)(3), ECF No. [64] ("Notice"), filed on May 28, 2024. The Court has carefully reviewed the Notice, the record in this case, and is otherwise fully advised. In its pretrial stipulation filed on May 6, 2024, ECF No. [50] at 6, Defendant disclosed *for the first time* that its members include a citizen of Florida. In its Second Amended Complaint, Plaintiff asserted, over 18 months ago, that one of its members is a citizen of Florida. ECF No. [7] ¶ 3.

Plaintiff and Defendant are limited liability corporations, organized under the laws of the state of Florida (Plaintiff) and Georgia (Defendant). For purposes of determining whether the Court may assert subject matter jurisdiction in a diversity proceeding, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Further, "a party's citizenship for diversity purposes is determined at the time suit is filed, without regard to later changes in citizenship." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1306 (S.D. Fla. 2016). Thus, there is no diversity jurisdiction over this action since both parties have Florida citizenship. *See* 28 U.S.C. § 1332(a)(1). Parties do not suggest, nor does this Court

find, any other basis for federal jurisdiction. This Court lacks subject-matter jurisdiction over the instant action. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court does so here.

The Court directly admonishes the parties, particularly counsel for the Defendant, who concealed the citizenship of his client's members until *after* calendar call and when the case was on the heels of trial. The Court's recitation of the record and history of this case is appropriate.

As noted, in its Second Amended Complaint, Plaintiff asserted that one of its members is a citizen of Florida. ECF No. [7] ¶ 3. Defendant thereafter filed its Answer and asserted a Counterclaim against Plaintiff, in which it falsely asserted there was complete diversity of citizenship between the parties, ECF No. [10] at 6. Defendant did so despite Plaintiff disclosing the state of citizenship of all its members in its Second Amended Complaint, which put Defendant on notice that no diversity existed. ECF No. [7] ¶ 3. Moreover, Defendant's counsel filed Defendant's Certificate of Interested Persons and Corporate Disclosure Statement, ECF No. [13], whereupon counsel once again was obligated to perform a due diligence among the Defendant's LLC members. The matter was scheduled for trial and discovery took place for over one year and the Court addressed many motions, including extensions of time, motions for attorneys to appear *pro hac vice*, cross motions for summary judgment, and the scheduling of all pre-trial deadlines, calendar call, and trial. This Court held a calendar call where the parties agreed to utilize the talent and time of the Court's paired magistrate judge. Again, there was no disclosure by the attorneys that the Defendant's LLC included a Florida member and, as such, there was no diversity jurisdiction. The disclosure that this Court lacks subject matter jurisdiction was not made until the filing by the parties on May 28, 2024 of their Joint Suggestion of Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3), ECF No. [64].

The non-disclosure of a fact as significant and basic as the citizenship of an LLC member,

upon which this Court's subject-matter jurisdiction relies, violates the Rules of Professional Conduct. *See* Model Rules of Pro. Conduct r. 3.3 (Am. Bar Ass'n 1983) ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"); Fla. Rules of Pro. Conduct r. 4-3.3 (same); Fla. Rules of Pro. Conduct r. 4-3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law"); Fla. Rules of Pro. Conduct r. 4-3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client"); Fla. Rules of Pro. Conduct r. 4-3.4(a) ("A lawyer must not … unlawfully obstruct another party's access to evidence"); Fla. Rules of Pro. Conduct r. 4-1.1 ("A lawyer must provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."); Fla. Rules of Pro. Conduct r. 4-1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Fla. Rules of Pro. Conduct r. 4-8.4(a), (c) ("A lawyer shall not: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another… [and] (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation").

This Court expended much time and resources in this case, which consisted of 63 filings, including a thorough review of the record in resolving each party's competing motions for summary judgment. See Order at ECF No. [25]. This case was on the heels of trial when the parties alerted the Court that a member of the Defendant LLC destroyed diversity. "[I]f the trial court lacked jurisdiction, many months of work on the part of the attorneys and the court may be wasted." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). The attorneys for Defendant are officers of this Court and had a duty to disclose this basic fact. Due to that non-

disclosure, much time and effort was wasted. Moreover, it is readily apparent that Plaintiff's counsel was unaware of the fact that one of Defendant's LLC members was a citizen of Florida. In the parties' filing, it was revealed that Plaintiff's counsel was alerted to the non-disclosure on May 23, 2024, when Defendant's counsel provided copies of a 2022 K-1 and Membership Interest Assignment Agreement dated *October 13, 2022*, confirming that EPM's members consisted of Eduardo Perez (Georgia) and Philip Mancuso (Florida). The Court admonishes EPM's counsel and questions their candor to the Court, as required of each of them.

The Court has the inherent power to regulate membership in its bar for the protection of the public interest. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it."). Moreover, this Court's Local Rule 11.1 (c) advises all attorneys that the standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar. A violation of those canons in connection with any matter pending before this Court may subject an attorney to appropriate disciplinary action. Consequently, pursuant to Local Rule 6(c)(1)(b), the Court refers attorneys Seth Alden Kreiner, Lisa M. Casa, and Keith J. Frank to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation of their candor to the Court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Notice, **ECF No. [64]**, is **ADOPTED**;
2. The above-styled case is **DISMISSED WITHOUT PREJUDICE**;
3. Each party shall bear its own attorneys' fees and costs;
4. Defendant's attorneys, Seth Alden Kreiner, Lisa M. Casa, and Keith J. Frank, are **REFERRED** to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation of their candor to the Court and violation

of the Rules of Professional Conduct;

5. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**;

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record

William C. Hearon, Esq.
Chair, Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance of the United States District Court, Southern District of Florida